ALBANY,
Oct. 1827.

Wintringham
v.
Lafoy.

---

## WINTRINGHAM *against* LAFOY.

A debtor in failing circumstances may prefer one creditor, or set of creditors, to another.

His assignment to pay debts, providing for payment or reassignment of the surplus to himself after all his debts paid, is not fraudulent as to creditors.

Trespass *de bonis asportatis* lies where one unlawfully intermeddles with the goods of another, though there be no manual interference; as by exercising an authority over them in defiance or exclusion of the owner.

Thus, wheι e a constable having an execution against G., levied on L.'s goods in G.'s hands as L.'s agent, by taking an inventɔry, and security for their forthcoming, saying he would take them away unless security shɔuld be given; held, that he was a trespasser.

ON error from the C. P. of the city and county of New York. The action in the court below was trespass *de bonis asportatis* by Lafoy against Wintringham. It appeared on the trial, that Wintringham was a constable, who held a *fi. fa.* issued by the marine court of the city, against the goods and chattels of one Gallis; and that, on *the 19th of January, 1826, he levied on the articles in question, consisting of jewelry in the store occupied by Gallis, who was present at the levy. That Gallis informed the defendant below that the goods had been assigned by him (G.;) and the defendant below said he was indemnified. That Gallis

[*736]

placed the articles on the glass case, so that the defendant below might look at them, to ascertain their value. That the defendant below made an inventory; and said he would remove the goods, unless security was given that they should be forthcoming, to answer the execution. That security was, therefore, given; and the articles were left in the store. It farther appeared, that on the 21st of December, 1825, Gallis had executed an assignment of all his property to the plaintiff below, Lafoy, for the purpose, first, of paying law expenses, then the debt of the plaintiff below, then certain other creditors named, and then the rest of his creditors; providing in the assignment for proportional payments among creditors after Lafoy should be satisfied, in case there should turn out to be a deficiency to meet the whole; and that if any balance should remain, after payment of the whole, it should be repaid, or the remaining goods, if any, re-delivered to Gallis, the assignor. R. Emmet, Esq., who drew the assignment, testified that the transaction was a fair one, without fraud; and that Gallis was left in the store as agent of the plaintiff by his (Mr. E.'s) advice. That he directed the sign of G. to be taken down, and books of future sales to be kept. It also appeared that the goods levied on were in the store at the time of the assignment; that no new goods were purchased; and that Gallis was largely indebted to the plaintiff below, Lafoy.

On this evidence, the defendant below moved for a nonsuit, which being denied, he excepted. Verdict for the plaintiff below of $105 94.

*W. Allen*, for the plaintiff in error. The judge ought to have non-suited the plaintiff below. By his own showing, Gallis remained owner of the residuary interest in the *goods. This rendered the assignment void as to creditors. (4 John. 41; 6 id. 290.) The residuary interest was subject to execution; and, like partnership property, the whole must be seized in order to reach the part; it being undivided. (1 Sell. Pr. 517.)

But the levy did not amount to a trespass. The goods remained untouched by the officer. To constitute a tres-

[*757]

ALBANY,
Oct. 1827.

Wintringham
v.
Lafoy.

pass, there must be a voluntary act, and consequent damage. (Lutw. 1384; Sid. 39; Latch. 13; Sty. 170, 230.) Trespass supposes a wrong to be done with force. (Finch, 198, 201; 2 Rol. Abr. 545; 2 John. 214.)

The assignment was fraudulent and void as to creditors possession continuing in the assignor. (9 John. 337.)

*J. O. Grim*, contra. Nothing was reserved to the assignor until after his debts were all paid. This is not fraudulent upon creditors. (5 John. 335, 336.)

Actual or implied force is sufficient to constitute a trespass. (Bac. Abr. Trespass (A.).) Force is implied in a wrong done to the goods of another. (Com. Dig. Trespass, (A) 1.) Here was a removal of the articles, by the direction or assent of the defendant below, in the course of the levy. But the inertness of the matter trespassed upon, need not be disturbed. The exertion of an unlawful authority over the article, is enough to constitute a trespass, if it occasion damage. (2 Rol. Rep. 556, case 10.) So of trespass to the person. (2 Esp. Dig. 227; 1 Salk. 79.) Ability to exert, and submission to authority, is enough. *Gibbs* v. *Chase*, (10 Mass. Rep. 125,) is in point for this action. Delivery of the goods by the assignor will not excuse. He had no authority to do this. Delivery of the husband's goods by the wife will not prevent trespass. (Vin. Ab. Trespass, Q. a. 3.)

The question of fraud was determined by the jury; whose decision is conclusive.

*Curia*, per SAVAGE, Ch. J. It is not denied that a debtor in failing circumstances may prefer one of his creditors, or *one set of creditors, to another; nor is it pretended that any fraud in fact was proved in the court below. Indeed, this was negatived by the proof and the verdict of the jury.

But it is contended that the provision for re-assignment or re-payment of the surplus of the proceeds, after payment of all the debts, renders the assignment void. This is a mistake. In the case of *Mackie & Cairnes*, (5 Cowen, 547,) the assignment was held fraudulent and void, because it

[*738]

ALBANY,
Oct. 1827.

Wintringham
v.
Lafoy.

contained a provision in favor of the insolvent debtor, to the exclusion and prejudice of creditors. Not so here. The debtor is to derive no benefit from the property assigned till his debts are all paid. This provision is precisely what he would have been entitled to, if nothing had been said about it in the assignment. Had the property been conveyed in trust generally, for the payment of the debts of the assignor, when the object of the trust was accomplished, what remained would belong to the assignor by operation of law. The judge was, therefore, correct in refusing the non-suit on this ground.

Was there any evidence of a trespass? If a sheriff take the goods of a stranger, he is liable in this action. It is contended, however, that admitting the goods to belong to the plaintiff, the defendant did no tortious act. Every unlawful interference by one person with the property or person of another, is a trespass. The defendant in the court below undertook to control the property levied on. He took it into his possession, though there was no manual seizing of it. He was about to take it away, and would have done so, but for the security given him that it should be forthcoming upon the execution. He exercised dominion over it. This was enough to constitute him a trespasser, he having no authority. Trover lies against a defendant, who undertakes to control property in defiance, or exclusion of the owner. (5 Cowen, 325, 6, and the cases there cited.) The same doctrine is applicable in trespass, as in trover, where *the conversion is the tortious intermeddling with the goods of another. [*739]

The judgment must be affirmed.

Judgment affirmed.