WALL & WALL vs. OSBORN.

Where a party sold a mill standing upon the lot of his neighbor, and appointed a day for the purchaser to take it away, promising to aid him in its removal if assistance was necessary, and the mill was subsequently taken down and removed by the purchaser; *it was held* that the vendor was liable to an action of *trespass*, although there was no proof of his being present, or aiding in the removal of the building.

ERROR from the superior court of the city of New-York. The Messrs. Wall sued Osborn in *trespass* for entering upon a lot owned by them, and taking down and carrying off a mill erected thereon. Osborn was in possession of a lot adjoining that of the plaintiffs, whose mill projected a few inches upon the lot of the defendant. The defendant sold the mill to one Carman, and told him that if he would send his men to take down the mill, at a specified time, he would have a man to assist him if he wanted help. The mill was subsequently taken down by Carman, but whether Osborn was present or furnished any assistance was not clearly shown. The chief justice of the superior court instructed the jury that the sale of the mill to Carman, and the appointment of a time for him to take possession of it, was not such a participation in the act of removal as to make the defendant a trespasser. The jury found for the defendant, and the plaintiffs having excepted to the charge of the judge, sued out a writ of error.

*C. O'Connor*, for the plaintiff in error.

*F. B. Cutting*, for the defendant in error.

*By the Court*, SAVAGE, Ch. J. In *Guille* v. *Swan*, 19 Johns. R. 382, Ch. J. Spencer says: "To render one man liable in trespass for the acts of others, it must appear either that they acted in concert, or that the act of the individual sought to be charged, ordinarily and naturally produced the acts of the

NEW-YORK, others.   In *Scott* v. *Shepard*, 2 Black. R. 892, Chief Justice
May, 1834. De Grey laid it down as a correct principle, that one who does
~~~~
Wall      an unlawful act is considered as the doer of all that follows.
v.        In the language of Lord Ellenborough, in *Leame* v. *Bray*, 3
Osborn.   East, 595, he is the *causa causans*—the prime mover of the
damage to the plaintiff. By the act of selling the plaintiffs'
property, the defendant assumed a control over it, and by ap-
pointing the time for the removal of the mill, he virtually di-
rected the purchaser to take it away. In the case of *Morgan* v.
*Varick*, 8 Wendell, 594, the defendant sold the plaintiff's steam
engine, and requested the purchaser to take it away; and he
was held liable in trespass. The principle has been frequent-
ly recognized in this court, that any unlawful interference
with or assertion of control over the property of another, is suf-
ficient to subject the party to an action of trespass or trover.
8 Wendell, 613.   7 Cowen, 735.   See also 10 Mass. R. 125.
If the law were otherwise, great injury might ensue, without
remedy, to the aggrieved party.   The defendant in this case,
by undertaking to sell the plaintiffs' property, was the mov-
ing cause of the injury sustained by the plaintiffs.   On the
supposition that the purchaser is perfectly responsible, the
plaintiffs have been put to trouble and expense for which the
defendant should be liable; if the law were otherwise, and if
in such case a purchaser was irresponsible, the owner might
lose his property altogether.   The judgment below must be
reversed, with costs; *venire de novo* to issue in this court.