## HODGE v. WYATT & HOUSTON.

1. When a debtor conveys property to a trustee to secure certain named creditors, some of them having debts past due, and others of them, whose debts are running to maturity, and stipulates that he shall have the use and benefit of the property conveyed, until the 1st of May, 1843, the deed being executed in November, 1842; it requires the assent of all the named creditors to render the deed operative as a conveyance, and until such assent the property conveyed is liable to execution against the grantor.

Writ of error to the Circuit Court of Perry.

DETINUE, by Hodge, against Wyatt & Houston, to recover a slave.

At the trial, under the general issue, the plaintiff made title to the slave in controversy, under a deed of trust conveying that with other slaves, and with many other articles of property, including household and kitchen furniture, turkeys, geese, ducks, chickens, &c. &c., to the plaintiff, on certain trusts, which will be afterwards mentioned. The deed is dated the 5th of November, 1842, in form, as *ex parte*, but as executed only by the grantor, Daniel, and the plaintiff, who is the trustee. The third party consists of certain named creditors. The deed recites the indebtedness of Daniel to the several creditors named, states the amounts due them severally, and the times when many of them became due, or are to be due. Most of them stated were due at the time of executing the deed, but some did not become due until the 1st of January, 1843. It further recites that Daniel was willing and desirous to secure all these debts, with the intesest thereon accruing. And for this purpose the conveyance is made of the property specified in the deed, to the plaintiff, upon trust, that he should permit Daniel to remain in quiet and peaceable possession of the same, and to take the profits thereof to his own use, until default be made in the payment of the several sums to the several named creditors, as

parties of the third part, on the 1st of May, 1843; and then so soon thereafter as the parties of the third part, or any one of them, should request the trustee, he should sell the said property to the highest bidder, for money, and out of the monies arising from the sale, should pay certain named persons of the parties of the third part, their debts in full, and to distribute the remainder between the other parties of the third part, in proportion to their debts; and if any balance remained after paying this last class of the third party, in full, then to pay that to Daniel. But if the whole of said debts should be paid off and discharged, to the parties of the third part, on or before the 1st of May, 1843, so that no default should be made, then the deed was to be void, otherwise to remain in full force. This deed was duly recorded on the 19th November, 1842.

The plaintiff offered evidence conducing to show, that some of the beneficiaries under this deed assented to it, within a reasonable time after its execution, by the grantor, and before the issuance of a certain writ of *fi. fa.* against him under which *fi. fa.* the slave in controversy was seized and sold by the sheriff, and purchased by the defendants, prior to the institution of this suit.

On this state of proof, the court charged the jury, that unless all the beneficiaries under said deed assented to it within a reasonable time after it was executed, and before the said levy, the deed was invalid, and they should find for the defendant.

The plaintiff excepted to this charge, and it is now assigned as error.

H. DAVIS, for the plaintiff in error.

E. W. PECK, contra, insisted,

1. That the deed, on its face, was fraudulent, as reserving a trust for the grantor's benefit, in withdrawing his property from seizure, and providing for its use by the debtor, who evidently was insolvent.

2. If however, the deed is not void, the assent of all the creditors named in it, was essential to give it validity.—

[Elmes v. Sutherland, 7 Ala. Rep. 263; Wiswall v. Tick-nor; 6 ib. 178; same case, 9 ib. 305.]

GOLDTHWAITE, J.—The deed, under which the plain-tiff in this case makes title, does not declare upon its face, however strong such an inference may be, that the debtor, at the time of its date, was in failing condition, or contemplated immediate insolvency. There is therefore nothing apparent on it to induce a court to pronounce it void *per se.* It is on-ly when a conveyance is made under such circumstances, and accepted by the croditer with a knowledge of them, that the creation or reservation of a trust becomes fraudulent. [Elmes v. Sutherland, 7 Ala. Rep. 262; Pope v. Wilson, ib. 690; Ticknor v. Wiswall, 9 ib. 305.]

The conveyance is of the same description, and not mate-rially different from that construed by us in Elmes v. Suth-erland, where we held, the assent of all the creditors named as *cestuis que trust,* was essential to the operation of the deed as a conveyance. A deed of this description must not be confounded with a general assignment for the *benefit* of all or particular creditors. Such operate, in general, without the express assent of the creditors; as assent is implied, un-til the contrary is shewn, in consequence of the benefit which must result to them from the instrument. [2 Story's Eq. § 1036, a., and cases there cited.] The security offered by this deed, to the creditors, is not necessarily a benefit to them, in-dividually or collectively, because most are required to wait a period for payment more distant than contracted for, and all are involved in the risk of the destruction and deterioration of the property committed to the use of the debtor. Suppos-ing a deed of this nature to be offered *bona fide,* the chief reason inducing the debtor to this course, must be the delay which he stipulates for, as the use of the property offered as a security, may, in the mean time, enable him to discharge a portion or all of his debts. If only one of the creditors assent, it is evident the debtor has not the benefit which he stipu-lates for, as the other creditors, by enforcing their demands, may render the reservation of a use of no benefit; and this they clearly have the right to do, as shown by the decision of Dubose v. Dubose, 7 Ala. Rep. 235.

We are not to be understood that the deed might not be so drawn as to render it valid as a conveyance, upon the assent of one or more of the beneficiaries, if that intention was expressed in the deed, but merely to declare, that as the deed is, the intention, seems clear that the debtor did not intend to give a preference to those only who assented. It then comes within the general rule of mandates, that until the persons for whose benefit they are made, have signified their assent, they are revocable by the grantor. [2 Story's Eq. 1036, b, 1045-6.] The deed then to the plaintiff being operative only in the nature of a mandate, until after the assent of all the creditors named in it, the levy of an execution previous to this, produced a disposition of the slave in controversy, inconsistent with the authority or power to be exercised by the trustee, and made the power inoperative as to the attaching creditor. [Russell v. Woodward, 10 Pick. 408 ; Elmes v. Sutherland, 7 Ala. Rep. 262.]

We think the charge of the court below is free from error. Judgment affirmed.