Paige, J.
The special agreement under which the safe was delivered by the plaintiff to Brooks & Hopkins was nothing more than an executory contract of sale, to be completed on the payment, at its maturity, of the note for $235, given for the stipulated price of the safe. This agreement neither divested the plaintiff’s title to the safe nor transferred any title to it to Brooks & Hopkins. The only interest the latter could possibly acquire by virtue of the agreement in respect to the safe was a right by implication to its use until the maturity of the note; and that interest terminated the moment Brooks & Hopkins made default in the payment of the note at the time it became due. Even if the contract was a conditional sale, no title passed to the purchasers, as the delivery of the safe was not absolute, but qualified and conditional, and was expressly declared to be so in the agreement. Whether therefore the contract was an executory contract of sale, or a conditional sale, no title passed to the purchasers, and none could by any possibility pass to them, until they performed the condition of the sale, viz., the payment of the note. Whenever there is a condition precedent attached to a contract of sale, and the condition is not waived by an absolute and uncom ditional delivery, no title passes to the vendee until he performs the condition or the seller waives it. (Smith *412 Lynes, 1 Seld., 44; Dresser Man. Co. v. Waterston, 3 Metc.,17, 18 ; 2 Sandf S. C. R., 418; 2 Hill, 326 ; 2 Pick,, 512.)
The defendant in this case has no title to protection as a bona fide purchaser without notice. (1 Seld., 41, 48.) The sheriff had full notice of the plaintiff’s title to the property-previous to the sale; and we have a right to infer from the evidence, that he refused to sell until he was indemnified by the defendant and Jackson. Brooks and Hopkins had not such an interest in the property as was the subject of a levy and sale on execution. No property could vest in them under the contract, until the payment of the price of the safe. It remained in their possession as. the property of the plaintiff. Their implied .right to its use, until the maturity of the note, was not such an interest as could be levied upon; then possession until that time was as the mere bailee or servant of the plaintiff. In the case of Strong v. Taylor (2. Hill, 326), the plaintiff had agreed to sell to one Dubois, a canal boat, for $300, quovided that amount should be paid by him in freighting flour, &c., on the.canal, as the plaintiff should direct, &c. ; and 'it was held that no property was vested in Dubois which could be levied on and sold,- -under an execution against him, until the purchase money was paid. But if there be any doubt in respect to this question, its decision is unimportant for the purposes of this suit, inasmuch as the levy and sale was not limited to this implied right to the use of the safe. The sheriff levied upon the safe as the exclusive property of Brooks & Hopkins, and not merely upon their implied right to its use until the maturity of the note; and he assumed the power to sell.the whole, title therein, in satisfaction of the executions against them, and not merely their interest, subject to the plaintiff’s claim. Such a levy, and sale by the sheriff' was tortious as against the plaintiff, and made him liable therefor, as a wrong-doer to the plaintiff. (7 Cow., 738 ; 12 Wend., 39, 40; 1 Chit. Pl, 152.) If not technically liable as a trespasser *413 for the taking, he was clearly liable for the conversion of the property by an illegal sale thereof. This action was not commenced until after the implied right of Brooks & Hopkins to the use of the safe had terminated. (15 East., 607.)
The only serious question in the cause is, whether the defendant has, by his actual cooperation with the sheriff in his wrongful levy upon and sale of the plaintiff’s property, rendered himself also liable to the plaintiff as a wrong-doer, for the sale of the property. The case shows that the .sheriff refused to sell the safe until he was indemnified. The indemnification, therefore, must be regarded as a ratification of the levy, and as the cause of the sale. The indemnitors were the causa causans, inducing and requesting the sheriff to do the wrongful act. Their indemnity naturally produced the act of the wrongful sale, and must be regarded as the principal if not the sole cause of it. All persons who direct or request another to commit a trespass, are liable as cotrespassers. The bonds of indemnity, in this case, were a virtual request to the sheriff to sell the safe, and the act of the sale was, in effect, done under the direction, and with the advice and concurrence of the obligors in the bonds, and they are therefore equally liable with the sheriff to the plaintiff as trespassers. (1 Chit. Pl., 79, 80, 10th Am. ed.; 5 Denio, 94; 19 John., 382, 383; 2 Sandf. S. C. R., 418, 420; 12 Wend., 39, 40; 8 id., 613; 7 Cow., 735; 10 Wend., 110.) If the sale is to be regarded as having been exclusively under Jackson’s execution, the defendant’s execution of Jackson’s bond of indemnity as surety is sufficient to make him liable to the plaintiff as a cotrespasser. (5 Denio, 92.) There being no conflict in the testimony, the judge charged the jury correctly, that the plaintiff was entitled to a verdict. A direction of a judge to a jury to find a verdict for one of the parties, is always proper where a contrary verdict would be set aside upon the ground that it was against evidence.
The judgment must be affirmed.
*414 Comstock, J.
The sale was a conditional one, so that no title to the safe could vest in Brooks & Hopkins, until they paid the note given for the price. (Strong v. Taylor, 2 Hill, 326; Herring v. Willard, 2 Sandf. S. C. .R., 418 , Dresser Man. Co. v. Waterson, 3 Metc., 9.) If the question had never been decided, it might, perhaps, be more in accordance with the analogies of the law to regard the writing given on the sale as a mere security for the debt, in the nature of a personal mortgage. It is impossible, however, to distinguish the case from those cited, and we ought not to disturb the rule which has been established. The result is, that the sheriff’s levy and sale, under execution against Brooks & Hopkins, were a trespass.
It seems that the execution in favor of the defendant was satisfied by a sale of other goods before the safe was sold. The sheriff had levied two attachments; one in favor of the defendant, and the other in favor of one Jackson. When the executions were issued, and before sale, the defendant indemnified as principal in the one case, and as surety in the other. Although the safe was not sold until other goods had been sold, enough to satisfy the defendant’s execution, I think he had made himself liable for the wrongful levy by giving an indemnity as principal. This was a distinct approval of what the sheriff had done, and amounted to a request to go on and sell. Under such circumstances, his liability cannot depend on the accident of his execution being satisfied by a sale of other property first, in the order of time. He had adopted the levy on the safe, and directed a sale. This was enough to render him liable. In regard to the other execution, the defendant was an indemnitor as surety for Jackson, the plaintiff therein, and on that execution the safe was actually sold. On this ground also, I am of opinion that the defendant was liable. It is difficult if not impossible to maintain a distinction between the principal and the surety in such a bond. All the parties, without regard to, their *415 relation to each other, are, in judgment of law, aiding, abetting and requesting the sale.
The judgment should be affirmed.
Brown, J., did not hear the argument; all the other judges concurring,
Judgment affirmed.