PHŒBE ST. GEORGE *vs.* DANIEL O'CONNELL & another.

An officer, having a writ of attachment, told the owner of goods which were in sight that he had attached them, and forbade him to remove them until the debt, to recover which the writ was brought, was paid. *Held*, that this was a constructive taking, and sufficient evidence of a conversion by the officer.

TORT against Daniel O'Connell and Jerome Mathewson, for conversion of the plaintiff's goods.

At the trial in the Superior Court, before *Dewey*, J., the plain-- tiff testified that the goods, which were exempt by law from attachment, had been carried from the house in which she then lived, to the depot of the Boston, Hartford & Erie Railroad at Readville, by mistake, instead of to the depot of the Boston & Providence Railroad at Readville, to which she went for the purpose of going to Taunton; that while at the depot of the Boston & Providence Railroad, which is near the depot of the Boston, Hartford & Erie Railroad, the defendant Mathewson came to her, read a writ to her, and stated that he had attached the goods thereon for the sum of $80; that the goods were then at the depot of the Boston, Hartford & Erie Railroad; that she never saw Mathewson at that depot, nor did she see any one in charge of the goods; that the goods were in sight when he and she were

at the depot of the Boston & Providence Railroad, and the conversation and reading of the writ took place ; that Mathewson told her she could not take the goods until a bill of $33 due to the defendant O'Connell was paid ; that he should hold them, and have them sold at auction the following week, unless she settled the bill ; that at her request Mathewson drove with her to see O'Connell about three fourths of a mile ; that after talking with O'Connell and David Gero, who lived near, Gero gave O'Connell his note for the amount of the bill due to O'Connell, and she gave Gero, of her own accord, the following paper, signed by her : " This is to certify that all the goods in my possession shall be holden by David Gero till I do pay the indemnity on the same."

Mathewson testified that he was a constable of Hyde Park, and received a writ from O'Connell to attach the goods or estate of Jeremiah St. George ; that he went to the depot of the Boston & Providence Railroad at Readville, found the plaintiff there, and told her that he should take the goods if O'Connell's bill was not paid, although he knew that by law he could not ; that he read the summons of the writ to her, but that he never went to the depot of the Boston, Hartford & Erie Railroad, or near the goods, nor attached them ; that he took no possession of them whatsoever, and did not intend to do so, but that he meant to scare her and make her pay the bill ; that at her request he went with her to O'Connell's ; and that he then left, and knew nothing further about the matter until he was sued on this writ.

David Gero testified that after the plaintiff signed the paper for him, she went with him to the depot, and showed him the goods ; that he took them to his house, and kept them a number of months, until his bill was paid by the father and brother of the plaintiff ; and that by their directions he sent the goods to Taunton in her father's name.

The judge ruled " that there must be a taking of the goods by the defendants, either actual or constructive, to maintain this action ; that it would be a constructive taking if the officer, having a writ of attachment, and being within sight of the goods, informed the owner that he had attached them, and forbade her

taking them, unless the debt was paid for the recovery of which the action was brought; and that if the jury so believed, they would be justified in rendering a verdict against the defendants." He gave instructions as to the evidence necessary to make O'Connell jointly liable if Mathewson was liable, to which no objection was made. The jury returned a verdict for the plaintiff for $122.11 damages, and the defendants alleged exceptions.

*C. A. Reed*, for the defendants.

*J. Brown*, for the plaintiff, was not called upon.

BY THE COURT. The ruling was correct, and the evidence authorized it. No question of waiver or damages is raised by the exceptions. *Exceptions overruled.*