JOHNSON & a. v. FARR.

An attachment of personal property constitutes of itself a conversion; and therefore the owner of chattels attached as the property of another may maintain trover against the officer, though there was no manual taking or removal.

TROVER, for a lot of last-blocks. Facts found by a referee. The defendant attached the blocks as the property of one Howe, August 21, 1878, on a writ in favor of A. T. & O. F. Barron against said Howe, which is made a part of the case. Judgment was rendered in that action November 14, 1879, and execution issued thereon, but was never put into the hands of the defendant, or any other sheriff, for levy.

The blocks were not moved, but are now in the same place substantially as when attached. So far as appeared, the plaintiffs have never been notified that the attachment was lost or abandoned, nor has any one offered to return the blocks to the plaintiffs, and they have not taken possession of them as against the attachment. Against the defendant's objection. the referee, in assessing damages, allowed the plaintiffs the full value of the blocks at the time of their attachment, and interest thereon to the date of his report. After the attachment, the defendant left with the clerk of the town in which the blocks were an attested copy of the writ, and of his return of the attachment, in accordance with the statute.

*W. & H. Heywood* and *Ladd & Fletcher*, for the plaintiffs.

*Ray, Drew & Jordan*, for the defendant.

BLODGETT, J.    It is stated in his return on the writ, and it is also found as a fact by the referee, that the defendant attached the blocks in question; and as against him, at least, it is to be presumed that the attachment was valid.

To constitute a valid attachment of personal property, it must be taken into the possession or be placed under the control of the officer. *Odiorne* v. *Colley*, 2 N. H. 66 ; *Huntington* v. *Blaisdell*, 2 N. H. 317 ; *Dunklee* v. *Fales*, 5 N. H. 527, 528; *Scott* v. *Print Works*, 44 N. H. 508, per *Bartlett*, J.    Hence, it is to be assumed that the defendant took possession of these blocks, or placed them under his control; and if he did, it follows that to the extent of his possession and dominion the plaintiffs were necessarily excluded and devested.    And we see no reason why such exclusion was not total ; for the only object of an attachment of movable property being to take the property attached out of the possession and custody of the alleged debtor and transfer it to the possession and custody of the law, acting through its officer, he must, as against the debtor. be vested with the exclusive possession or custody of such property by the attachment, or its sole object would be defeated ; and, moreover, it is a self-evident proposition, that neither the actual custody nor exclusive control in the same thing can at the same time be vested in two distinct persons.

But upon the question of the maintenance of the action, the extent of the plaintiffs' exclusion is quite immaterial, and so, also, is the fact that the blocks were not removed : for it was enough to constitute a wrongful conversion, if the defendant assumed such control over the blocks, by a possession actual or constructive, as deprived the plaintiffs of their dominion over them for any purpose. *Morse* v. *Hurd*, 17 N. H. 246, 249; *Bristol* v. *Burt*, 7 Johns. 254; *Reynolds* v. *Shuler*, 5 Cow. 323, 325; *Wintringham* v. *Lafoy*, 7 Cow. 735, 738 : *Woodbury* v. *Long*, 8 Pick. 543, 545; *Miller* v. *Baker*, 1 Met. 27 ; *St. George* v. *O'Connell*, 110 Mass. 475; *Tinker*

*v. Morrill*, 39 Vt. 480; *M'Combie* v. *Davies*, 6 East 540; 6 Bac. Abr. 677; Cool. Torts 448; 2 Greenl. Evid. 642; 6 Wait Act. & Def. 167. And that this was the necessary effect of the attachment is, we think, quite too plain for discussion.

Nor does the question of damages present any difficulty, inasmuch as the case finds that the property has not been redelivered to, or been recovered or repossessed by, the plaintiffs. There is consequently nothing in mitigation of damages, and the measure is the value of the blocks at the time of their conversion, with interest to the date of judgment. 2 Greenl. Evid., *s.* 649; 2 Sedg. Dam. (7th ed.) 369, 412, 413.

*Exceptions overruled.*

STANLEY, J., did not sit: FOSTER, ALLEN, SMITH, and CLARK, JJ., concurred; DOE, C. J., did not concur as to the maintenance of the action.