## LAMB v. WILLIS.

(Supreme Court, Appellate Division, Second Department. March 6, 1908.)

TRESPASS—ACTIONS—PERSONS LIABLE.

Where defendant sold C. the standing timber on a piece of land by a simple contract, and later conveyed the land by warranty deed, which was duly recorded, to plaintiff, without giving notice of the sale of the timber, he is not liable to plaintiff for C.'s subsequently going on the land and removing timber, where he did nothing after the conveyance to plaintiff to instigate C. committing the trespass.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trespass, § 69.]

Appeal from Trial Term.

Action for trespass by Hattie C. Lamb against Henry M. Willis. From a judgment for defendant, plaintiff appeals. Affirmed.

The complaint is that "the defendant, by his agents and servants, entered into and upon the plaintiff's said premises" and cut down and carried away the said timber.

The evidence was as follows:

In February, 1905, the defendant sold the standing timber on his woodland to one Christ by a simple contract. In the following May the defendant conveyed the said land to the plaintiff by a full covenant warranty deed, which was at once recorded. Afterwards Christ entered on the land and cut down part of the timber and took it away.

The defendant did not notify Christ that he had sold the land, and the latter did not know of that fact when he entered, etc., nor did the defendant inform

the plaintiff nor did she have knowledge when he conveyed to her that he had sold the timber to Christ.

The learned trial judge granted a nonsuit.

Argued before JENKS, HOOKER, RICH, MILLER, and GAYNOR, JJ.

John J. Crawford, for appellant.
Robert B. Knowles, for respondent.

GAYNOR, J. The trespass of Christ was not the defendant's tort; he did not direct or instigate it. If after conveying to the plaintiff the defendant had sold the timber to Christ the case would be different. Wall v. Osborn, 12 Wend. 40. But as it is the defendant did nothing after he conveyed to the plaintiff and put her in possession to authorize the trespass. The subsequent entry of Christ cannot be made the act of the defendant through his bill of sale to Christ. It creates no privity between the plaintiff and the defendant, nor does the defendant's breach of his contract with Christ.

The judgment should be affirmed.

Judgment affirmed, with costs. All concur.