[No. 9458. Department One. July 29, 1911.]

Clara Thomas et al., Appellants, v. West & Wheeler, Incorporated, Respondent.[1]

Covenants—Warranty—Breach. An action for breach of covenants of warranty lies where the defendant had previously sold the timber on the land to a third person, and the plaintiff was deceived and had no notice thereof, and did not know that the timber was being removed until it was gone; and it is no defense that the plaintiff was in possession as a *bona fide* purchaser with superior title, since the trespass and taking of the timber were by authority of the defendant; the covenant of warranty being broken on the delivery of the deed.

Appeal from a judgment of the superior court for King county, Ronald, J., entered September 16, 1910, upon granting a nonsuit, in an action for breach of covenant. Reversed.

*O. F. Cutts* and *James W. Reynolds,* for appellants.

*Kerr & McCord,* for respondent.

Mount, J.—The plaintiffs brought this action to recover damages for the breach of covenant of the warranty in a deed. The case was tried to the court and a jury. The court granted a nonsuit upon defendant's motion, and dismissed the action. Plaintiffs have appealed.

The following facts appear: In March, 1908, the plaintiffs desired to purchase from the defendant a certain tract of land. The terms of sale were agreed upon, and $20 earnest money was paid. The plaintiffs thereupon exam-

[1]Reported in 116 Pac. 1074.

ined the land, which was a five-acre tract, and were satisfied
with it.    An abstract of title was afterwards furnished them,
showing clear title in the defendant.   On the 19th day of
May, 1908, the plaintiffs, by their agent, tendered the pur-
chase price, $750, in full for a deed.    The man in charge of
defendant's office prepared a deed and the same was executed
by the defendant and given to the plaintiffs' agent.   This
agent, upon reading the deed, discovered that the defendant
had reserved the timber on the land, and was told that de-
fendant was reserving the timber on all lands sold in that
vicinity.   The plaintiffs' agent thereupon stated that the
plaintiffs desired the tract of land for a country home which
they intended to construct thereon, and that the plaintiffs
would not accept a deed with any reservation of timber or
other thing, and demanded the return of the earnest money.
After a conference among the officers of the defendant, which
plaintiffs' agent did not hear, another deed was prepared,
executed and delivered to the plaintiffs' agent, and the
money was paid.    This deed made no reservation of any kind,
but warranted title against the claims of all persons.

In August or September, 1908, plaintiffs' agent heard
that some persons were removing the timber from the prem-
ises and, upon inquiry, learned that, after plaintiffs' deed
had been recorded, the timber had been removed from the
land by some one acting under authority of a contract made
between the defendant and one Osburn, by the terms of which
contract defendant had sold to Osburn the timber on the
land provided the same was removed within two years.   This
contract had been made on December 26, 1906, prior to the
deed from defendant to plaintiffs.    It had never been filed
for record, and the plaintiffs had no notice or knowledge of
the contract or the sale of the timber.   When these facts
appeared, the trial court dismissed the action for the reason
that plaintiffs were in possession, and defendant was there-
fore not liable for parties trespassing upon the property.

The defendant argues that the plaintiffs, under the facts

proved, are innocent purchasers, without notice of the prior sale of the timber; that when they took possession of the land under their deed, the contract of sale of the timber to Osburn was void as to them, and gave Osburn, the prior vendee of the timber, no right upon the land; and that when Osburn or his employees went upon the land after plaintiffs' deed had been recorded, they were trespassers for whose acts the defendant was not liable. *Lamb v. Willis*, 125 App. Div. 183, 109 N. Y. Supp. 75, cited by the defendant, is in point and so holds. But notwithstanding this argument and the decision in that case, we are not disposed to follow it. If the trespass had been made by some one not authorized by the defendant, it is apparent that the defendant would not be liable. But the defendant here, by a contract previously entered into, authorized the parties to go upon the land and do what was done. When defendant sold the land with covenants of warranty, the plaintiffs were not informed of the previous sale of the timber and had no notice that there was such a contract, and did not know that the timber was being removed until after it was gone.

It is apparent, we think, that the covenant in the deed was broken at the time the deed was delivered, because the grantor had already sold the timber, and by the deed to plaintiffs sold it again, and thereby authorized two different vendees to take possession of the property. Neither vendee was informed of the fact that the property was sold to another. It is true that the plaintiffs recorded their deed, which thereby became constructive notice to the first vendee, and as between the two vendees, made the unrecorded instrument of Osburn of no effect. But as between the parties to the first contract of sale of the timber, viz., the defendant and Osburn, the contract was valid. The plaintiffs in this action might no doubt have restrained the removal of the timber by Osburn had they known that the same was being or was about to be removed. Yet when the timber was removed by authority of the previous sale without notice to or

knowledge of the plaintiffs, the act of the parties removing it was in fact the act of the defendant who had authorized it. If the defendant had notified the plaintiffs at the time the deed was delivered that they had already sold the timber, of course, a different rule would apply.  But where defendant deceived the plaintiffs, as the evidence shows was done in this case, and thereby led them to believe that there was no other claim to the timber on account of any act of the defendant, it seems that the act of the first vendee should be held to be the act of the defendant.

In the case of *Lamb v. Willis, supra,* the court said: "If after conveying to the plaintiff the defendant had sold the timber to Christ, the case would be different." So in this case, if after conveying the land to the plaintiffs, the defendant had sold the timber to Osburn, the defendant would be liable to the plaintiffs for the damage done by Osburn in removing the timber, because in that case the act of the defendant would naturally produce the injury.  *Wall v. Osborn,* 12 Wend. 39.  In other words, the act of the defendant in selling the same timber to two different persons, without informing either thereof, makes the defendant liable for the acts which naturally follow, because the act of Osburn in removing the timber was authorized by the defendant and was in effect the act of defendant.  It can make no difference in reason whether Osburn was authorized to do so by the defendant before or after the deed to the plaintiffs, when no notice was given of the fact.  The defendant would have been liable to Osburn for the timber if Osburn had not received it through the defendant's breach of his contract. Defendant is liable to the plaintiffs for a breach of contract for the same reason.  Osburn got the timber by trespass, but the trespass and the taking of the timber were by authority of the defendant.  We conclude, therefore, that the act of Osburn by authority of defendant was a breach of the warranty of the deed.

The judgment is therefore reversed, and the cause remanded for further proceedings in accord with this opinion.

DUNBAR, C. J., PARKER, FULLERTON, and GOSE, JJ., concur.