[The following case should have been inserted as of the September session, 1823.]

CHAMBERLAIN and others, appellants.
*against*
FITCH, respondent.

In the court of errors, a stipulation between the attorneys, solicitors, or counsel in a cause, is binding, though not reduced to writing.

Default, obtained in violation of such an order, set aside, with costs.

An irregular order, reversing the decree of the chancellor, in consequence of which the papers in the cause are remitted to the court of chancery, set aside, and the register of that court ordered to return them to this court, that the cause may proceed.

But the order here, being to reverse an order in the court of chancery, dissolving an injunction to stay proceedings on a judgment and execution at law, upon which the money had been collected, and paid over to the attorneys for the plaintiff there, (the respondent here,) the rule setting aside the default was so modified as not to take effect till those attorneys stipulated, *that in the event of a reversal of the chancellor's order, the money so collected and paid to them should be placed at the disposal of the court below.*

Form of the rule for this purpose.

SEPT. 11, 1823. *S. Stephens,* for the respondent, moved to set aside a default for not answering the petition of appeal in this cause; and for a rule requiring the Register of the Court of Chancery to send back to this Court all the papers, rules, orders and decrees, relating to the appeal, which were remitted by this Court on obtaining the default; and that the respondent have leave to proceed in the cause, as if no default had been entered.

The default (as appeared by the affidavits) had been taken under the following circumstances : The respondent (being then and still insolvent) obtained a judgment at law against the appellants, in the Common Pleas of Washington county. The appellants filed their bill, in the Court of Chancery, for relief against the judgment, and obtained an injunction against proceeding thereon, which was afterwards, (Nov. 12, 1822,) on the coming in of the answer, dissolved. On the 12th Dec. 1822, on a motion for a re-hearing, the order dissolving the injunction was confirmed. Dec. 18th, 1822,

the First Judge of Washington Common Pleas granted an order staying all further proceedings upon the judgment, on the part of the respondent, until the further order of that Court, upon paying the amount of the judgment into the hands of the Sheriff of that county, on the execution issued in the cause. Dec. 27th, 1822, the appellants appealed to this Court, from the order made upon the motion for a re-hearing. Upon this state of the case, the counsel for the respondent, intending to move to quash the appeal, it was agreed between him and the counsel for the appellants, that the papers for that motion should be served when conve nient for the respondent's counsel, and that they would have the motion disposed of before answering the petition of appeal. Notice of that motion was accordingly given, for the 3d Tuesday of Feb. 1828, but the motion was afterwards postponed, by agreement of counsel, for one week, and was then again postponed, by agreement, on request of the appellants' counsel, till it should be mutually convenient for both counsel to go to Albany, in order to attend to the motion. April 4th, 1823, the last day of the session of this Court, without giving any notice to the respondent, his solicitor or counsel, of his intention so to proceed, the counsel for the appellants moved for and obtained an order of this Court, reversing the order of the Chancellor dissolving the injunction, for want of an answer to the petition of appeal.

On the 13th Jan. preceding, the usual order had been obtained, to answer the petition of appeal in eight days, &c.(a) which was, with a copy of the petition of appeal, served on the solicitor for the respondent, on the 25th of Jan. last. It was upon an affidavit of these facts, that the order for a default was taken. Since these proceedings, the money received upon the execution had been paid to the attorneys of the respondent, on their giving security to the Sheriff to refund the same in the event of his being made liable for it. None of the above stipulations or arrangements were reduced to writing between the counsel. And

*(a)* Vid. 11 Rule of Sept. 18th 1818.

*J. Crary,* contra, took this last ground, among others, against the motion.

Chamberlin
v.
Fitch.

SUTHERLAND, J. Is there any rule of this Court requiring a stipulation between attorneys, counsel, &c. to be reduced to writing?

*Crary.* I know of none.

Verbal stipulation between attorneys, &c. of court of errors binding.

SUTHERLAND, J. My impression is, that the verbal stipulations between the counsel were binding.

*Crary.* If the suit is reinstated, it should be completely so. The money should be placed under the control of the Court.

WOODWORTH, J. (this morning, Sept. 13th) adverted to the facts as above stated, and concluded by moving, and the Court thereupon unanimously adopted the following RULE:

*Samuel Fitch,* respondent,
         ads.
*Andrew Chamberlin, Jonathan Morey, Ebenezer Ingersoll, jun. and David Wheedan,* appellants.

On reading affidavits and papers accompanying, and hearing the counsel of the parties, ORDERED, that the default obtained against the respondent, for not answering the petition of appeal filed in this Court, be set aside, with the costs of this application; and, further, that the Register of the Court of Chancery return to this Court the papers, rules, orders and decree relating to the appeal, which were remitted by this Court, on obtaining the said default; and that the respondent thereupon answer the said appeal—provided, nevertheless, that the preceding order shall not take effect until S. Stevens & S. B. Gibson, Esquires, attorneys for the respondent in the suit at law mentioned in the said affidavits and papers, shall have executed and delivered to the solicitor for the appellants, a stipulation that if the order of the Court of Chancery shall be reversed, on the said appeal, then, and in that case, they will deposit in the Court of Chancery, to the credit of the appellants in this cause, the amount of money received by them from the Sheriff of the county of Washington, on the

execution issued on the judgment at law, and mentioned in the said affidavits and papers, subject to the disposition of his Honor the Chancellor.