Welles, J.
 

 (after stating the facts.) — Other questions were presented and decided at the trial, but the consideration of them becomes unnecessary, in consequence of the conclusion to which I have arrived upon that on which the nonsuit was granted.
 

 Assuming, as was contended at the trial, that none of the warrants afforded any protection to the defendant, provided they had all been levied on or before the return-day, can the defendant be made liable, when nothing was done toward their execution, until the return-day had passed, and what was afterwards done was without directions from him ? If he cannot, then the nonsuit was right, and the judgment must be affirmed.
 

 The warrants were in the nature of writs
 
 oí fieri facias.
 
 The 5th section of the act above referred to, directs '’the manner in which the. sheriff shall proceed upon them,owhich is, in all respects, with like effect, and in the same manner, as prescribed by law in respect to executions against property, issued by a county clerk, upon judgments rendered by a justice of the peace. When the return-day had passed without a levy, the warrants became
 
 functus ojfido,
 
 and were no longer any authority for the sheriff to perform any act under them. This principle, as applicable to executions against property, is too well settled to admit of doubt.
 
 (Vail
 
 v.
 
 Lewis,
 
 4 Johns. 450;
 
 Devoe
 
 v.
 
 Elliott, 2
 
 Cow. 243.)
 

 
 *316
 
 The warrants, provided they were regular, and the defendant had jurisdiction to issue them, conferred upon the sheriff a power to make a levy, &c., which was limited in regard *to time to the return-day, after -* which, the power ceased, and they would be no longer an authority to him, excepting to complete the execution of the power which had been previously commenced. Now, on the supposition that they were void, for any reason, at the time they were issued, can the defendant be made liable for acts done by the sheriff, after the assumed power ceased ? I think, he cannot. He did not, by the warrants, direct or authorize the sheriff to levy, after the 18th July 1847; and unless he can be charged with some direction or agency, other than the act of issuing them, or what is contained in them, the act of the sheriff in levying afterwards cannot be regarded as his act, either constructively or otherwise.
 

 The circuit judge decided, that five of the warrants were regular and valid, and that the other two were void, and issued without jurisdiction, owing to an informality in the returns of the town collectors on which those warrants were based. Without considering whether this decision was correct, I think, it must now be assumed to have been so, and then there was authority to have made a levy on or before the return-day. There is nothing in the case, to show that the defendant knew it was not made by that time; he may well have supposed, it was so, and that the sale was postponed by the operation of the injunction. But, however this may be, it seems to me, that the defendant can be in no worse situation, supposing all the warrants were void
 
 oh initia,
 
 than if they had all been valid and regular, and the sheriff had made the levy, after the return-day was passed. In the one case, they never had any virtue as an authority to the sheriff, in the other, the authority was spent, or had ceased, through lapse of time, to exist,
 
 *317
 
 which, it" seems to me, is the same thing. In both cases, there was an entire absence of authority, at the time when the act complained of was done.
 

 It is contended by the counsel for the plaintiff, that the defendant, having set the sheriff in motion, by his illegal warrants, to do an illegal act, cannot screen himself from the consequences, by alleging that the latter did not do the act in the time or manner directed; and it is sought to bring the case within *the princi- f pie of
 
 Wall
 
 v.
 
 Osborn
 
 (12 Wend. 39),
 
 Vanderburgh
 
 v.
 
 Truax
 
 (4 Denio 464), and other cases of a similar character. In the former of these cases, the principle was recognised, that to render one man liable in trespass, for the acts of others, it must appear, either that they acted in concert, or that the acts of the individual sought to be charged, ordinarily and naturally, produced the acts of the others; and that one who does an unlawful act is considered as the doer of all that follows — the
 
 causa causans
 
 — the prime mover of the damages that result; and it was held, accordingly, that where a party sold a mill, standing upon the lot of his neighbor, and appointed a day for the purchaser to take it away, promising to aid him in its removal, if assistance was necessary, and the mill was subsequently taken down and removed by the purchaser, that the vendor was liable to an action of trespass, although there was no proof of his being present, or aiding in the removal of the building; and in the latter case, it was held, upon the same principle, where the defendant, being engaged in a quarrel with a boy in the street, in a city, took up a pick-ax and followed him into the plaintiff’s store, whither he had fled, and in endeavoring to keep out of the defendant’s reach, the boy run against and knocked out the faucet of a cask of wine, by means of which the wine was lost, that the defendant was liable for the damages.
 

 It appears to me, however, that the present case is distinguishable from those referred to, and the principles
 
 *318
 
 which governed them. In this case, the issuing of the warrants could not, naturally, or ordinarily, produce the act of the sheriff in making the levy, long after their power and force would have been expended, if they had regularly and legally issued. The defendant acted upon the assumption that the warrants were legal and valid, and the sheriff received them, under the same assumption. In respect to the latter, as they were regular on their face, they would, doubtless, have been a protection to him, provided the act under which they were issued was constitutional (as to which no question is now raised), and provided he had pursued their tenor. It was not to be presumed, that he would do otherwise; on the con- * 336 1 trar^’ defendant *had a right to presume, -* that he would observe the line of conduct which the law would justify, on the supposition that the defendant had full authority to issue
 
 them;
 
 and if he went beyond that, and committed acts, under pretence of the warrants, which would have been illegal, if they had been valid, I am not able to perceive, upon what principle of law or justice, the defendant can be held answerable for the consequences.
 

 Nor is he, in my judgment, liable in consequence of having received the money from the sheriff. It is contended, that by doing so, he adopted the illegal act of the sheriff and made it his own, and is, therefore, liable to the plaintiff for the damages. The authorities referred to by the plaintiff’s counsel in support of this position, all apply to cases of agency, and generally show, that where an agent has exceeded his authority, the adoption of the agent’s acts, by the principal, makes - the latter liable to the same extent as if the acts of the agent had been within the scope of his original powers; that principle has no application to the present case. The defendant was a public officer, and in issuing the warrants, he assumed to act officially. The relation of principal and agent, in the sense of the above rule,
 
 *319
 
 never existed between him and the sheriff, any more than it does between a justice of the peace and a constable, where the latter is guilty of an irregularity in the execution of process issued by the former, as where he levies an execution upon the property of a person not named therein. The judgment of the supreme court should be affirmed.
 

 Judgment affirmed.