## SMITH *v.* MOSHER *et al.*

*(Supreme Court, General Term, Fifth Department. April 11, 1890.)*

1. TAXATION—ILLEGAL ASSESSMENT ROLL—LIABILITY OF VILLAGE TRUSTEES.
   Laws N. Y. 1885, c. 201, requires town assessors, after hearing complaints to the assessment roll as prepared by them, and after making the necessary corrections, to verify the roll. The general village statute (Laws N. Y. 1870, c. 291) requires the trustees of villages to act as village assessors, and makes them subject to the statute regulating the duties of town assessors. *Held,* that a verification of the assessment roll by village trustees before the hearing of complaints, and the mak-

ing of the necessary changes and corrections, was a nullity, and that they were personally liable to a tax-payer whose property had been seized under a warrant issued by them on the unverified assessment roll.

2. SAME—ILLEGAL TAXATION—EVIDENCE.

In an action against the village trustees for the seizure of property under the warrant issued by them, the introduction in evidence of the warrant, with three renewals indorsed, extending beyond the date of the levy, is sufficient proof that the levy was made within the time limited by the renewals to uphold a judgment against defendants, who made no suggestion at the trial that the levy was not fully warranted by the process issued by them.

Appeal from Cattaraugus county court.

Action by Wilber J. Smith against John F. Mosher, Hiram Adye, and Tint Champlin, village trustees of Little Valley, for the seizure of plaintiff's property under a tax-warrant issued by defendants. The case was originally tried before a justice of the peace, where it appeared that on May 26, 1888, the defendants as trustees, acting as assessors, made out and completed an assessment roll, verified it under oath before a notary public, and delivered it so verified to the clerk of the village, who thereupon gave notice, in due form, for the hearing of grievances relating to such roll on the 6th day of June thereafter. On the last-named day the trustees received the roll, made the necessary corrections, and annexed it to the warrant, and delivered both to the collector. No verifications were made after the roll was corrected, on June 6th; and no notices, as appears, in compliance with section 9, c. 269, Laws 1880, were posted. There was a verdict in defendant's favor, and plaintiff appealed to the county court, where the following opinion was delivered by O. S. VREELAND, County Judge:

"The appellant bases his claim of error upon three propositions: That the roll was not made out and completed within sixty days after the annual village election; that the roll was not verified by the trustees, after it was completed, on June 6th; that, after the roll was finally completed, it was not left with the village clerk, and notices were not posted, as required by section 9, c. 269, Laws 1880. As to the first and second of these propositions, there was no controversy upon the trial; as to the last, no ground in fact for dispute seems to exist; since, while the village clerk testified that he posted all the notices, he evidently referred to the notices for grievance day, as he did not receive the roll until June 6th, and delivered the same to the collector on the 13th of the same month. It therefore appears that no question of fact was litigated upon the trial in the court below, and the verdict of the jury there must be overruled or upheld, only as it shall be made apparent that the tax-roll and warrant were valid or void. Section 1, tit. 6, of the general village act, (chapter 291 of the Laws of 1870,) provides that the trustees of a village 'must, within sixty days after the annual meeting, proceed and assess' a sum necessary for the ordinary expenses of the village. This part of the statute seems to be directory only, as has been held with respect to a very similar statute, relating to the levy of taxes in school-districts; and it has been so held in *Witheril* v. *Mosher*, 9 Hun, 412. This decision was made under section 2, tit. 6, of the village statute, relating to extraordinary expenditures voted at a special election, and the word 'shall' is used in the place of 'must' in the first section, but the principle is the same. Upon the objection that no notices were posted of the final completion of the roll, as directed by section 9, (chapter 269, Laws 1880,) it would appear that the object of the statute is to allow an application for a writ of *certiorari* to be made by any person aggrieved, in order to bring up for review any illegal or unequal assessments; that the purpose of giving notice is to limit the time within which a writ may be issued; and that the only effect of failure to give such notice would be to extend indefinitely the time within which a petition for such writ might be presented to a justice of the supreme court. The objection that the roll was not duly verified is not so easily disposed of. By section 13, tit. 3, of the

same law, (1870,) the trustees are made assessors of the village, with the power of town assessors, and subject to the laws applicable to such town officers. There can be no reasonable doubt but that the trustees of the village are required at some time to verify the assessment roll. This is provided for in the statute relative to the duties of town assessors, to which village assessors are made subject; it is provided for in section 9, c. 269, Laws 1880; and it has been so decided by the courts. *People* v. *Suffern*, 68 N. Y. 321.

"The question then presents itself, was the verification made on May 26th such a compliance with the law as to make the roll and warrant valid, and to justify a seizure and sale of the plaintiff's property, or was the verification made at the time simply a nullity, and of no more form or effect than as if the roll had not been verified at all? The general village statute does not provide in terms for any verification of the roll, but makes the trustees subject to the statute regulating the duties of town assessors. By chapter 201, Laws 1885, and 2 Rev. St. N. Y. (8th Ed.) p. 1096, § 8, town assessors are directed, after the 1st day of May of each year, to ' proceed to ascertain, by diligent inquiry, the names of all the taxable inhabitants in their respective towns or wards, and also all the taxable property, real or personal;' and then are required to make lists, showing the names of all the taxable inhabitants, and opposite such names the amount, in dollars and cents, of the real and personal property assessed against each taxable inhabitant; and to complete this part of their work by August 1st of each year. They then give the notice for hearing the complaints, and upon the day fixed by the statute make the necessary changes and corrections in their roll, verify it, and deliver it, to the supervisor of their town. Their duties in connection with the roll here end. The verification of the roll here provided for could not be made until all the work on the part of the assessors in connection with it had been performed, and a verification of the same at an earlier day would be a nullity. *Westfall* v. *Preston*, 49 N. Y. 349. In this case, in substantial compliance with this statute and the village law, the trustees began making the list of tax-payers, and on the 26th day of May completed such list, and placed against the name of each person the amount of real and personal property assessed against him. They then verified the roll; gave notice to hear complaints on the following June 6th; made the necessary corrections on the last-named day; and issued their warrant. I do not think this verification complied with the statute. The evident intent of law is that the roll shall be verified when ' completed ' as specified in section 4, tit. 6, of the general law, and not when ' completed ' as specified in section 3 of the same title and act, and this would require the verification to be made on the June 6th after the roll had been corrected, and not upon May 26th, after the lists had been prepared. Such a verification is specifically required by the law governing town assessors, as well as by chapter 269, § 9, Laws 1880. The verification before the completion of the roll was therefore a nullity. *Westfall* v. *Preston*, above cited. The only question remaining is as to the personal liability of the defendants. The warrant was a protection to the collector. *Baley* v. *Wortsman*, 2 N. Y. St. Rep. 246. But officers issuing a warrant for the collection of taxes upon a void assessment are liable to a person from whom property is taken and sold. Id.; *Canal Co.* v. *Atkins*, 1 N. Y. Supp. 80; *Clark* v. *Norton*, 49 N. Y. 243; *Wheeler* v. *Mills*, 40 Barb. 644; *Mygatt* v. *Washburn*, 15 N. Y. 316. If these conclusions are sound, no defense was established by the defendants; the seizure and sale of the plaintiff's wagon by the collector was illegal, and he should have recovered for its value. The tax complained of by the plaintiff was very small, and the defendant without any doubt acted in entire good faith; but these facts will not excuse the seizure and sale of the property of the plaintiff without due form of law. The judgment is reversed."

From a judgment entered in accordance with this opinion defendants appeal.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.
*W. Woodbury*, for appellants.   *C. Z. Lincoln*, for respondent.

DWIGHT, P. J.   We agree with the county court that a verification of the assessment roll by the defendants, acting as assessors, after its final completion, was necessary to authorize the issuance of their warrant to the collector; and that the verification made by them on the first completion of the roll, and before corrections were made on the day appointed for that purpose, was of no effect; and we refer to the opinion of the learned county judge for the reasons and the authorities for that conclusion.

In his points submitted on this appeal, counsel for the appellants suggests a question not apparently raised in the county court, and certainly not litigated before the justice, in respect to the proof of the renewals of the collector's warrant.   The question is pertinent, because, unless the levy complained of was made within the time limited by the warrant or its renewals, the collector could not justify under the proofs in his hands, and no cause of action exists against the trustees of the village who issued the process, however invalid it may have been.   *Van Rensselaer* v. *Kidd*, 6 N. Y. 331, and the cases cited.   But we think this question was not in the case.   Evidence of renewals of the warrant, extending beyond the date of the levy, was made by the introduction by the plaintiff, without objection, of the warrant, with what purported to be three renewals indorsed; and the defendants themselves gave evidence, by the collector on his cross-examination, that the warrant had been three times renewed.   The objection here made was not mentioned in the motion for a nonsuit, and the case was tried without any suggestion on the part of the defendants that the levy was not fully warranted by the process in the hands of the collector.   We think the judgment of the county court was correct, and must be affirmed.   All concur.