The cause was continued nisi, and now, at this term, the opinion of the Court was delivered by
Parsons, C. J.
The Union Turnpike Corporation was incorporated by that name in March, 1804. Willard, a creditor of the cornoration, recovered judgment against it, by the name of The X *209 President, Directors, and Company, of the Union Turnpike Cor poration, no notice being taken of the misnomer, although the corporation appeared to the plaintiff’s writ. He sued out his execution on the judgment, which, after reciting the judgment, con tained the usual precept to the officer to levy the damages and costs on the goods, chattels, or lands, of the president, directors, and company, and also a precept, that, for want thereof, he should take the bodies of the said president, directors, and company, and commit them in execution until they paid the moneys. The execution was delivered to the defendant, a deputy sheriff, to execute; who, not finding any goods, chattels, or lands of the corporation, on which to levy the money, arrested the body of the plaintiff, who was one of the proprietors of the Union Turnpike Corporation. I use the language of the parties in the case, presuming it to be meant that the plaintiff was one of the corporators, and, consequently, by * virtue of the act of incorporation, a [ * 234 "] proprietor of the turnpike made pursuant to that act. And the defendant, having arrested the plaintiff, held him in custody until he paid the moneys due on the execution. To recover damages for this arrest and detention, this action was brought.
The defendant would justify himself, because he was commanded to take the bodies of the said president, directors, and company, and because the plaintiff was one of the company; and although this command was irregular and voidable, yet not being void, and coming from a court having jurisdiction in this case, he ought to be justified by his obedience to the precept.
Under the circumstances of this case, the defendant is entitled to every favorable construction of the proceedings, and of his con duct, which can be legally admitted.
It is a general rule that, when the authority under which an officer acts is voidable only, he is justified by it, but not when the authority is void.
In this case, the corporation, as such, is sued. It has no body which can be arrested; and, in the execution, the words, “ the president, directors, and company,” are the name of an aggregate corporation, and are not the description of any individual persons, whose bodies are to be arrested. The precept is therefore absurd and impracticable. The defendant’s error is owing to a mistake in the construction of his writ, and not to his obeying a voidable command. And he cannot be justified in his defence. If an execu tian should illegally issue against the- body of an executor or ad ministrator, on a judgment against the estate of the deceased, the officer might be justified in arresting the body of the executor or *210 administrator, as he did not mistake his precept, which issued from a court having jurisdiction.
Dana for the plaintiff.
But, in this case, notwithstanding the precept, yet in fact the corporation, against which the execution issued, having no bodies liable to arrest, the officer could arrest none in obedience to his writ. It appears that he understood the name of the [ * 235 ] corporation expressed by the words “ the president, * directors, and company,” as descriptive of natural persons, whose bodies he ought to arrest; which appears to be a pardonable mistake, to which he was led by the improper manner in which the execution was issued.
The defendant must be called.