Judge Wright
delivered the opinion of the court:
The first question to be decided is, whether it is competent for •the plaintiff in trespass to prove, in order to enhance the damages, that a legal prosecution was commenced with a malicious motive ? If the prosecution complained of be malicious, and the forms of law have been used for malignant purposes, the party injured has *151 his remedy by an action on the case for a malicious prosecution, in which the concurrence of a malicious motive with the want of probable cause, will subject the aggressor to damages commensurate with the iujury sustained, and oftentimes to those exemplary or vindictive. In trespass, the rule is different. If the defendant in that action has acted under valid legal proceedings, they will justify him, and protect those acting under him. The true question in such a case is, were the acts complained of legal ? If they were, they are none the less so, because the party instituting the legal proceeding was actuated by motives oí revenge or malignity. The evidence offered by the plaintiff, and ruled out at the trial of this case, was offered upon the *avowed ground that pro- [147 ceedings had been commenced under the criminal laws. The proceedings themselves had not been shown, and could not be considered by the court either as legal, or as illegal and void; and it was therefore properly rejected. It is no answer to this to say, that subsequently these proceedings were given in evidence, because after so given in evidence the proof was not offered.
2. Were the warrants of the justice of the peace a justification to the officer and his posse ? The principle is well established that executive officers, being obliged to execute process, are protected in the rightful discharge of their duty, provided the process issued from a court or magistrate having jurisdiction of the subject matter. And if the magistrate proceed unlawfully in issuing the process, he, and not the executive officer, will be liable for the injury. 13 Mass. 286, 272; 14 Mass. 459. The executive officer is justified, even when the process under which he acts is voidable for irregularity or mistake in issuing it. 4 Mass. 232 ; 2 Stark. Ev. 818; 3 Stark. Ev. 1448, n. e. The cases relied upon by the plaintiff’s counsel are those of attempted justification where there appears an excess of jurisdiction. In such cases, the process being void, it, of course, could afford no protection. As if a justice of the peace were to issue a writ in slander that process would not protect the officer, because the justice has no jurisdiction of the subject. It does not comport with law or correct policy to permit an executive officer, or those he commands as his posse, to examine into the regularity of the proceedings of the court whose process they execute, or to confer upon them authority to proceed or to forbear, as they may judge best. The rule that holds them to know the extent of jurisdiction requires for its justification *152 some legal subtlety,' but rests on far different ground from that urged by the plaintiff. The papers in this case are irregular, but do they not show a proceeding under the laws of the state? "We think they do. The affidavit might not stand a critical examination. The magistrate in drawing it has endeavored to pursue the statute form, and has omitted a sentence. If the affidavit was the authority under which Peterson and Boland justified, we should doubt; and we might also doubt, if the justice sought under that to protect himself. But it must be remembered that the justice was acquitted before this evidence was introduced. We think the other defendants need not look back of the warrants for their 148] justification. The larceny is bunglingly enough ^charged in the warrant, yet it shows that there was a complaint under the laws for the punishment of crimes, for taking the property of another and commanded the arrest, and the officer was legally bound to execute it. The search-warrant describes the offense sufficiently clear. The objection that it sets forth the belief that the offense had been committed by Taylor or Ms wife, while it commands the search of the house of Taylor, the husband, and if the goods were found, to bring forth only his body, does not seem to us of much weight. The goods were found in Ms possession; Ms arrest is complained of; and, in our opinion, the law does not invoke the aid of courts to punish the officers of justice for trifling errors in drawing up legal process. If they are substantially good, they are sufficient. We do not inquix’e what rights these parties have in any other form of action, and only decide that, in this case, the error of the court is not apparent; certainly not such as to require Of us to grant a new trial.
The court is asked, in case the motion for a new trial is overruled, to permit the plaintiff to enter a nonsuit on paying the costs. This we decline to do. It would innovate upon the usual practice to allow a nonsuit after verdict; and we have decided, at this term, in the case of Gazzam v. Cincinnati Insurance Co., ante, 75, that our office here is to decide questions reserved in the county. This motion was not made in the county and reserved; as an original one, it can not be received.
Judgment on the verdict.