## GEORGE L. WILMARTH vs. DEAN BURT.
## CHARLES B. WILMARTH vs. THE SAME.

An officer, who holds an execution in the common form, issued by a court having jurisdiction, against a defendant who had been discharged under the insolvent law of 1838, c. 163, after the judgment on which the execution issued was rendered, is not liable to an action of trespass for arresting and committing such defendant on the execution, although the defendant shows his discharge to the officer before he is arrested.

Two actions of trespass for assault, battery and false imprisonment. The defendant, a deputy sheriff, pleaded the general issue, and set forth, by way of defence, that the assault, &c. were committed by him in the execution of civil process, by arresting the defendants upon an execution duly issued against them from the court of common pleas. At the trial, it was proved or admitted that, on the 9th of July 1842, an execution, in the usual form, was issued against the plaintiffs jointly, as co-partners, upon a judgment in the court of common pleas, recovered by E. W. Chaddock, on a contract made on the 2d of October 1837; that this execution was returned unsatisfied, and that an alias, in the common form, was issued on the 18th of August 1842, upon which the plaintiffs were arrested by the defendant, and committed to the jail in Taunton; that they immediately gave bond for the liberty of the jail limits, went at large, and never surrendered themselves.

It also appeared that the plaintiffs had taken the benefit of the insolvent law of this Commonwealth, and had obtained a discharge under it, in the usual form, dated March 6th 1841, and that this discharge was exhibited to the defendant before he made the above mentioned arrest and commitment. The defendant admitted that he had a bond of indemnity from the execution creditor, which he required before he would arrest the plaintiffs on the execution.

Upon these facts, the defendant's counsel requested the court to rule that the actions could not be maintained, because trespass will not lie against an officer for the execution of process regularly issued, wherein he is commanded to arrest the body of the party therein named as defendant; because the plaintiffs

could and should have pleaded their discharge, during the pend ency of the action against them, in which said Chaddock's judgment was recovered, and have caused the form of the execution to be varied, pursuant to the Rev. Sts. c. 97, §§ 10, 11, so as not to run against their bodies; and because the remedy of the plaintiffs, if they were unlawfully arrested, was by an application to a court for a discharge, by *habeas corpus* or otherwise. The ·udge, before the trial was had, refused this request, and instructed the jury, for the purpose of the trials, that the plaintiffs were entitled to recover; and a verdict was returned, in each case, for the plaintiff, subject to the opinion of the whole court.

*Colby & Eliot,* for the defendant, to show that trespass would not lie, cited the cases mentioned in the opinion of the court, and also *Parsons* v. *Lloyd,* 2 W. Bl. 845, and 3 Wils. 341. *Damon* v. *Bryant,* 2 Pick. 413. *McGuinty* v. *Herrick,* 5 Wend. 240. *Watson* v. *Watson,* 9 Connect. 141. To show that the case was not varied by the defendant's taking a bond of indemnity, they cited *Marsh* v. *Gold,* 2 Pick. 290, and *Fairfield* v. *Baldwin,* 12 Pick. 397.

*Coffin & Pratt,* for the plaintiffs. The defendant, as he knew that the plaintiffs were not liable to be arrested on execution, is not within the rule by which an officer is excused for serving a process issued by a court having jurisdiction, and legal on its face. He was no more justified than he would have been if he had committed the defendants after they had exhibited to him a *supersedeas* of the execution. *Payson* v. *Payson,* 1 Mass. 291 *Hoit* v. *Hook,* 14 Mass. 210. Com. Dig. Imprisonment, H. 9

SHAW, C. J. These two cases depend on the same principle and the decision of one settles both. Each is an action of trespass *vi et armis* for an assault and false imprisonment, and the trespass relied upon was the arrest of the plaintiff, on an execution, by the defendant, who was a deputy sheriff. The plaintiffs seek to avoid this justification, by showing that they had obtained a certificate of discharge, under the insolvent law of Massachusetts, which discharge was obtained long after the date of the contract on which the judgment was recovered, and that they exhibited their discharge to the defendant at the time of the arrest.

It does not distinctly appear, from the facts stated, whether the judgment, on which the above mentioned execution issued, was rendered before or after the date of the plaintiffs' discharge ; but as the discharge was granted in March 1841, and the first execution mentioned is stated to have been issued in June 1842, there is ground to presume that the judgment was rendered some time after the discharge. If such was the case, it would be very clear ·that the officer could take no notice of such a discharge ; for two reasons : 1st. In the case supposed, the debtor, having his discharge before the rendition of judgment, had an opportunity to plead it by way of defence ; and if he did not do so, it may be presumed that it was not valid. 2d. The judgment, being rendered after the discharge, might have been founded on a cause of action which accrued after the discharge ; and the officer could not by possibility know that it was not so. If the decision depended on this question, it might be necessary to send the cause back, to have that fact more exactly ascertained. But we think the result must be the same, if the discharge was obtained after the rendition of the judgment.

The execution was in common form, authorizing and requiring the officer to take the property of the debtor, to satisfy the execution, and for want thereof, to arrest him. In making the arrest, therefore, he followed precisely the command of his precept. As a general rule, the officer is bound only to see that the process, which he is called upon to execute, is in due and regular form, and issues from a court having jurisdiction of the subject. In such case, he is justified in obeying his precept, and it is highly necessary to the due, prompt and energetic execution of the commands of the law, that he should be so. *Fitzpatrick* v. *Kelly,* cited 3 T. R. 740. *Cameron* v. *Lightfoot,* 2 W. Bl. 1190. " It is incomprehensible," says Lord Kenyon, in *Belk* ·. *Broadbent,* 3 T. R. 185, " to say that a person shall be considered as a trespasser who acts under the process of the court." *Tarlton* v. *Fisher,* 2 Doug. 671, was trespass for assault and false imprisonment of a certificated bankrupt. Some doubt arose upon the express words of the statute, that such person " shall not be liable to be arrested." But it was held, that though

the debtor might have a *supersedeas* to the execution, yet that till superseded, it was a justification ; and even after *supersedeas*, though trespass would lie against the party, it would not lie against the sheriff. And this is stated to be the settled prac tice. The inconvenience would be very great, if the law were otherwise.

And we think the same principle is well established by the authorities in our own books. *Smith* v. *Bowker*, 1 Mass. 76. *Haskell* v. *Sumner*, 1 Pick. 459. In *Nichols* v. *Thomas*, 4 Mass. 232, on an execution against a corporation styled the President, Directors and Company of a Turnpike, the officer arrested and committed one of the proprietors. There, indeed, he was held liable, because the plaintiff was not named nor described in his precept ; the corporate name not being the description or designation of any natural person whatever. But Parsons, C. J there affirms the general rule, and illustrates it by reference to an executor or administrator not liable to arrest. " If," says he, " an execution should illegally issue against the body of an ex ecutor or administrator, on a judgment against the estate of the deceased, the officer might be justified in arresting the body of the executor or administrator, as he did not mistake his precept, which issued from a court having jurisdiction." The same rule is recognized in *Sanford* v. *Nichols*, 13 Mass. 288, where Parker, C. J. says, " it will not do to require of executive officers, before they shall be held to obey precepts directed to them, that they shall have evidence of the regularity of the proceedings of the tribunal which commands the duty. Such a principle would put a stop to the execution of legal process."

If the plaintiff in such case has any remedy, it is not against the officer, who has simply executed the regular precept of a court having jurisdiction, but by applying for his discharge out of custody, or by *audita querela*, or by an action on the case against the party who thus wrongfully armed the officer with power to arrest him, upon the ground of its being, on his part, a malicious arrest.

And the reason for adopting this valuable rule, in a case like the present, is very strong. It would paralyze the action of an officer, and often defeat the service of legal process, if he were

bound to stop and try the genuineness and validity of a certificate of discharge under a bankrupt or insolvent law. The certificate may not be genuine or legally authenticated, and yet the officer can take no evidence, nor even put the debtor himself under oath to prove it.

But further ; suppose it be genuine, it is not an absolute discharge, or discharge from all debts, but only a discharge *sub modo*. Under the United States bankrupt law of 1841, it was held by Mr. Justice Story, that though, by the true construction of that law, the certificate, in certain cases, is not a discharge from fiduciary debts, yet that the certificate should be issued in general and unlimited terms, leaving the bankrupt to avail himself of it, so far as the law has made it an effective discharge. *Matter of Tebbetts*, 5 Law Reporter, 259.

So under our own insolvent law of 1838, c. 163, § 10, modified by subsequent acts, it is provided that if the insolvent shall have concealed his property, given preferences, or done other acts in fraud of the law, his discharge shall not be granted, or *if granted, shall be of no effect.* Here then are cases, in which an insolvent or bankrupt may have his discharge in his pocket, and present it to the officer, in the amplest form of a full and complete discharge from all his debts, and yet, by operation of the law under which it is granted, it may be no discharge of the debt sought to be enforced by service of the execution. Is the officer to try all the questions of law and fact, involved in the question of the genuineness, the validity, and the application of the discharge to this particular debt ? To hold that an officer would be liable in trespass, for executing the command of his precept, would be to hold that an executive officer must try all these questions, without power to summon a witness or hear the parties, and to decide the case correctly, upon peril of being liable for damages for false imprisonment.

The fact that the officer took an indemnity, can make no difference ; it was to avail him only in case he had mistaken in regard to his duty. But whether he had an indemnity or not, is of no importance to the plaintiff ; it did not convert into a wrong an act which was itself right and justifiable.

*Verdicts set aside, and plaintiffs nonsuit*