### HAZEN K. BATCHELDER *v.* WILLIAM H. CURRIER.

Where an authority under which an officer acts is voidable only, he may justify under it, but not where the authority is void.

Where a statute expressly prohibits jurisdiction, or where a prohibition is necessarily implied from the jurisdiction being vested exclusively in another tribunal, in such case no *consent* can give it.

Where the want of jurisdiction is apparent on the face of the warrant, the officer serving the same becomes a wrongdoer.

In convictions, it must appear from the evidence, that the offence was committed within the jurisdiction of the sitting magistrate.

Where the arrest is under void process, the action of trespass will lie against the officer, or against any or all who aid and assist him.

TRESPASS, for assault and battery and false imprisonment.

*Plea,* the general issue, with a brief statement, in substance that the defendant, being a deputy sheriff of this county, on the 12th day of October, 1861, by virtue of a warrant, issued by John Y. Mugridge, a justice of the peace for the county of Merrimack, on a complaint against the plaintiff for an assault and battery on one Philbrick, placed in his hands for service, properly arrested the plaintiff, and carried him before Stephen C. Badger, another justice of the peace for said county, at his office in Concord, for trial; where the plaintiff was arraigned and pleaded not guilty, and upon his motion his case was continued to Franklin, in said county, for a hearing on the 21st day of said October, when and where the case was again continued to October 26th, at Concord, and then again continued to November 9, 1861, at said Concord, when and where the plaintiff not appearing, but avoiding and escaping, the defendant by order of said justice, properly arrested the plaintiff and brought him before said justice, by whom he was tried and convicted.

On the trial, the evidence tended to prove, that the said Justices Mugridge and Badger were residents of the city of Concord, and the said warrant required the officers to whom the same was directed, to carry the plaintiff before said Justice Mugridge, or some other justice of the peace for said county, for trial; that the warrant was issued and the plaintiff arrested on the 12th of October, as alleged by the defendant; and that on the same day the defendant carried the plaintiff before said Justice Badger, and made his return upon the warrant, and left the same with said justice; that the proceedings alleged in said brief statement were had before said justice, up to the adjournment to the 9th of November at said Concord; that on that day the defendant neglected to appear at the time and place of adjournment, and the said justice delivered the said warrant to said defendant and verbally ordered him as such deputy sheriff to bring the plaintiff before him, and the defendant thereupon arrested the plaintiff, and carried him before said justice.

The court instructed the jury, in substance, that the warrant being regular in form, and issued by a magistrate having jurisdiction of the subject matter, protected the defendant for the original arrest, and the return of the defendant before Justice Badger; but that, although if Justice Badger had had jurisdiction to try the plaintiff, his verbal order to the defendant to bring the plaintiff before him on the 9th of November,

would have justified the defendant in arresting the plaintiff for that purpose, yet that Justice Badger, being prohibited by the charter of the city of Concord from exercising jurisdiction in the case, (although he assumed jurisdiction, and did try and convict the plaintiff,) his order to the defendant to bring the plaintiff before him for trial was no protection for the defendant in making the last arrest in accordance with it.

The plaintiff was shown by the record to have been committed to jail on the 11th day of November, 1861, by Carr B. Haynes, deputy sheriff for this county, upon a mittimus, dated November 9th, 1861, and issued on the 11th day of said November, 1861, by said Justice Badger, to carry into effect his judgment against the plaintiff on the original complaint; and he claimed damages for his arrest upon his mittimus, his imprisonment in jail, the expenses of his release therefrom upon *habeas corpus*, and an alleged loss of health consequent upon his confinement in the jail; and offered evidence tending to show, that, on the 9th of November, 1861, after the plaintiff's conviction before Justice Badger, the defendant took the plaintiff into the street, and seeing Mr. Haynes, requested him to take the plaintiff in charge, and he then left for his home, and had personally nothing further to do with the plaintiff.

The court instructed the jury, in substance, that if they found from the evidence that the defendant requested Mr. Haynes to take charge of the plaintiff and that Haynes did what he did as the agent of the defendant, then the defendant was responsible for the subsequent arrest and commitment to jail on the mittimus, and the consequences of that imprisonment.

To these instructions of the court the defendant excepted.

The jury returned a verdict for the plaintiff, and the defendant moved that the same be set aside, and for a new trial, by reason of said exceptions.

And thereupon the questions arising in the case were reserved for decision at the Law Term.

*S. G. Lane*, for plaintiff.

*Minot & Mugridge*, and *Fowler & Chandler*, for defendant.

The instructions of the court on both the points as to which exceptions were taken, were erroneous.

I.   The verbal order of Justice Badger, under which the defendant acted in making the second arrest, was a sufficient protection for that arrest.   It stood precisely like the original warrant, and was just as effectual for the protection of the defendant as if Badger had had jurisdiction to try the plaintiff.

The doctrine is perfectly well settled in this State and elsewhere, that a ministerial officer is protected in the execution of process issued by a court or officer having general jurisdiction of its subject matter and of the process, if it be regular on its face and does not disclose a want of jurisdiction, although it may in fact have issued entirely without author-

ity. *State* v. *Weed,* 21 N. H. 262, and authorities; *The Marshal-sea Case,* 10 Coke, 76; 2 Esp. N. P. 390; 20 Vin. Abr. 477, Tr e-pass; C. a. 2, 13, 14, 17, 18, 19, 20; *Hudson* v. *Cooke,* Skinner, 131; *Hill* v. *Bateman,* 1 Strange, 710; *Percival* v. *Jones,* 2 John-son's Cases, 49; *Rogers* v. *Mulliver,* 6 Wendell, 597, where the sub-ject is clearly discussed by Savage, Ch. J.; *Gwinne* v. *Poole,* 2 Lutw. 935, fully reported in app. 1560–1572, and translated in note 694 to Cowen's Phill. Ev. 990, *et seq.* where this whole question is very fully and learnedly discussed; *Savacool* v. *Boughton,* 5 Wend. 170; *Mo-ravia* v. *Sloper,* Willes, 30, and authorities; *Webber* v. *Gay,* 24 Wendell, 485; *The People* v. *Warren,* 5 Hill, 440; *Noble* v. *Holmes,* 5 Hill, 194; *Cornell* v. *Barnes,* 7 Hill, 35; *Watson* v. *Watson,* 9 Conn. 140; *Andrews* v. *Morris,* 1 A. & E. (N. S.) 3; *Cotes* v. *Mitchell,* 3 Lev. 20; *Taylor* v. *Trask,* 7 Cowen, 250; *Warren* v. *Shed,* 10 Johnson, 138; *Beach* v. *Furman,* 13 Johnson, 444. If the power or jurisdiction of an inferior magistrate appear or be set forth, so that the order or process is apparently valid, disclosing no want of juris-diction, the executive officer will be protected, though it turn out that there was in fact no jurisdiction. *Isaacs* v. *Camplin,* 1 Bailey, 411; Note 891, Cowen's Phill. Ev. 1287, also note 694, do. 1008, 1009; *M'Guinty* v. *Herrick,* 5 Wendell, 240; *Wilcox* v. *Smith,* 5 Wen-dell, 231; *Reynolds* v. *Moore,* 9 Wendell, 35.

In the present case, Badger was a magistrate duly commissioned and qualified, and as such had general jurisdiction of the offence charged against the plaintiff—that of an assault and battery committed at North-field in this county. Rev. Stat. chaps. 218, 222, secs. 1; Comp. Laws, 558, 568. He was then a magistrate with general jurisdiction to try the plaintiff for the offence charged, and there was nothing apparent on the warrant or other proceedings to divest him of his jurisdiction. If the charter of Concord prohibited him from the exercise of his jurisdic-tion in this particular case, it was only by implication, in forbidding the return of a warrant before him issued by a justice within the limits of that city. Had the warrant been issued by a justice without the limits of Concord, there can be no doubt that the magistrate would have had full power and authority to try the plaintiff. Charter of Concord, sec. 16; Laws of 1849, 816. But there was nothing on the face of the warrant to show that it had been issued by a justice in Concord—noth-ing in the proceedings disclosing a want of jurisdiction in the magistrate. To all appearance, therefore, the magistrate in trying the plaintiff as he was doing, was a court *de jure* as well as *de facto.* Under these cir-cumstances, every dictate of sound policy, as well as of natural justice, requires that the order of the magistrate should be holden conclusive for the protection of the officer innocently acting under it. Marcy, J., in *Savacool* v. *Boughton,* 5 Wendell, 180; *Rex* v. *Danser,* 6 D. & E. 245; *Watson* v. *Watson,* 9 Conn. 140; *Hodson* v. *Cooke,* 1 Vent. 369.

There is a striking analogy between the principle so uniformly applied to the acts of officers *de facto,* and that which should govern this case. Badger was a justice of the peace *de jure,* and a court *de facto,* engag-

ed in the trial of an offence within his general jurisdiction as a magistrate. Why ought not his acts, doings and orders to be regarded as valid and binding on third persons, and not to be impeached in suits between them? *Brown* v. *Lunt*, 37 Me. 423, and authorities; *Buckman* v. *Ruggles*, 15 Mass. 180; *Fowler* v. *Beebe*, 9 Mass. 231; *Nason* v. *Dillingham*, 15 Mass. 170.; *Com.* v. *Fowler*, 10 Mass. 290; *Arundel* v. *Arundel*, Yelv. 34; *Tyler* v. *Duke of Leeds*, 3 Stark. N. P. 218; *Andrews* v. *Lynton*, 1 Salk. 265; 2 Ld. Raymond, 884; *M'Instry* v. *Tanner*, 9 Johnson, 135; *Doty* v. *Gorham*, 5 Pick. 487; *Prescott* v. *Hayes*, 42 N. H. 56, and authorities.

II.  There was no evidence from which the jury could properly find that Haynes acted as the agent of the defendant in committing the plaintiff to jail under a mittimus not issued until two days after the defendant ceased to have anything to do with the plaintiff. All the evidence tended to show was, that Haynes took charge of the plaintiff after his conviction, at the request of the defendant. But there was not a particle of evidence tending to show, that, in making the commitment upon the mittimus, Haynes acted in any way as the agent or under the direction of the defendant. The commitment was made by virtue of the precept contained in the mittimus and solely for non-compliance with the order of the magistrate, and the record was conclusive upon that fact. The commitment was solely the act of the magistrate, and, in making it, Haynes was and could have been only the agent or executive officer of the magistrate to carry his order into effect.

NESMITH, J.  This action was trespass. The defendant justifies the arrest of plaintiff, alleging under his plea and brief statement, that, in doing what he was charged with, he was acting as an officer, and w a clothed with sufficient legal process and ought to be fully protecte d thereby. It may be regarded as well settled doctrine, that, when the authority, under which an officer acts, is *voidable* only, he may *justify* under it, but not when the authority is *void*. *State* v. *Weed*, 21 N. H. 262; *Nichols* v. *Thomas*, 4 Mass. 232; *Sanford* v. *Nichols*, 13 Mass. 286; *Wilmarth* v. *Burt*, 7 Metcalf, 260.

The question is, in this case, whether the matter set forth by the defendant establishes a sufficient legal protection for the defendant. Where trespass is justified under civil or criminal process, whether the matter in defence be specially pleaded, or given in evidence under a brief statement filed with the general issue, the defendant must prove every material fact of the authority under which he justifies. 2 Greenl. Evi. sec. 629.  And the inquiry is, whether the officer here was protected, either by the *verbal* order or the *written authority* of the magistrate, who officiated in the trial of this case. Now, where a court transcends the limits prescribed by the law, assuming to act where it has no jurisdiction, its decisions will be utterly *void*, and entitled to no consideration, either as evidence or otherwise; and generally it must appear *affirmatively*, that the court had jurisdiction over the subject matter, as well as the person. *Smith* v. *Knowlton*, 11 N. H. 191; *Kittredge* v. *Emerson*, 15 N. H. 227; *Sanborn* v. *Fellows*, 22 N. H. 473; *State* v.

*Richmond*, 26 N. H. 232; *Bigelow* v. *Stearns*, 19 Johnson, 39; 3 Cowen's Phillips, 990, and authorities in note, and 1003; *Allen* v. *Gray*, 11 Conn. 95; 9 Cowen, 227; 1 Chitty's Crim. Law, 61; 17 Pick. 252; *Smith* v. *Rice*, 11 Mass. 507.

So where a statute prohibits jurisdiction, or where a prohibition is necessarily implied by its being vested exclusively in another tribunal,no *consent* can give jurisdiction. *People* v. *White*, 24 Wendell, 520; *Heyer* v. *Burger*, 1 Hoffman Chanc., 120; *Blatchley* v. *Moser*, 15 Wendell, 215. In Massachusetts, by the provisions of chapter 314, being a statute made and enacted A. D. 1850, the jurisdiction of justices of the peace over certain criminal cases was taken away, and the same was transferred to new officers called trial justices. Justices of the peace had only authority left to them to receive complaints, and issue warrants for the apprehension of the alleged criminals, *returnable* in all cases before any trial justice in the same county. The case, *Stetson* v. *Packer & als.* 7 Cush. 564, was an action of trespass against the officer and his assistants for violating the provisions of that act. The court in their decision say, that, after the passage of the aforesaid act, the issuing of a warrant by a justice of the peace, directing an arrest of an individual, and requiring the party to be taken before another justice of the peace for examination or trial, would be an act unauthorized by law, and the process on its face would show such want of jurisdiction, that, if in execution thereof, the party were actually *arrested* and *held* for trial before a justice of the peace, such officer, as well as the magistrate who issued such warrant, would be liable therefor in an action of trespass. Judgment was rendered against the officer in the aforesaid case. In principle, the facts of the case before us are not materially variant. *Piper* v. *Pearson*, 2 Gray, 121.

Chapter 835 of the Pamphlet Laws, established Police Courts in the town of Concord. By virtue of sec. 16 of this chapter, jurisdiction was given to said court of all offences committed in the town of Concord, and the trial of all other offences, whereof a justice before had jurisdiction; and all warrants issued by said court, "*or by any justice of the peace within said city* shall be *made returnable*, and shall be *returned*, before said police court." By virtue of this statute, it would seem that the police court in Concord had full control over the trial of such offences, which before had been there tried by justices of the peace. Any justice of the peace had power to receive the complaint, and to issue a warrant founded thereon, but it must be made returnable and actually returned before the police court, or, perhaps, to some magistrate in the county residing without the limits of the city of Concord. It may, therefore, be conceded that any magistrate in Concord may have entertained the complaint and may properly have issued the warrant,but should not have made it returnable before himself as a magistrate, or before any other justice of the peace in the city of Concord, but should have made it returnable for trial before the police court. And, therefore, such magistrate being prohibited from doing what he undertook to do, he would confer no power upon the officer by committing to him a

void precept. The officer had no legal authority to arrest the plaintiff, nor to convey him before the magistrate, as he was ordered, and became a trespasser by the arrest.

The defendant made his return on the warrant, setting forth his acts, done, and this *return* becomes evidence in the case, which the defendant cannot contradict. The return, connected with the precept itself, shows that defendant has violated the law, and stands without justification. When the defendant says that he returned the plaintiff before Justice Badger at his office in Concord, he in effect makes the declaration, that he returned him before a court that had then no jurisdiction over the plaintiff's person or offence. In *Parker* v. *Walrod*, 16 Wendell, 518, Chancellor Walworth says, that a process of a court of inferior jurisdiction will not protect the officer, if the want of jurisdiction appears upon the face of the process, and, continues he, "I apprehend the same principle may be applied to a case, where the want of jurisdiction arises from a fact of *public notoriety*, which is legally presumed to be within the knowledge of the officer, as well as others, and of which he is therefore bound to take notice." The fact, that the charter of Concord had conferred upon the police court of the city of Concord exclusive jurisdiction over this class of criminal offences, was a matter of public notoriety, long known, or presumed to be known, more especially to the professional men or officers of the law, who had long before resided in the city. It was a fact, of which both the magistrate and officer, who participated in these proceedings, would be reasonably bound to take notice. The police court in Concord had been in existence about twelve years before this case occurred. Hence it would be fairly presumed, that a well established practice, controlling cases of this kind, must have been familiar to the legal profession, as well as to the *ministerial* officers generally employed by them.

We are, therefore, of the opinion that the oral order and the mittimus of the magistrate were void and conferred no protection or jurisdiction upon the officer. The proceedings of the magistrate are deemed to be *coram non judice*. *Piper* v. *Pearson*, 2 Gray, 122, *ante*; *Clarke & al.* v. *May & al.*, *Idem*. 412; *Sullivan* v. *Jones & al.*, *Id.* 572; *Elder* v. *Dwight Manf. Co.*, 4 Gray, 201. It must appear from the evidence, that the offence was committed within the jurisdiction of the convicting magistrate. 1 Term Reports, 241; 13 East, 139; 14 East 67; 7 Taunton, 33. Where one is arrested under process wholly void, trespass will lie. *Groome* v. *Forrester*, 5 Maule & Selwyn, 314; *Nichols* v. *Thomas*, 4 Mass. 232; *Fisher* v. *McGirr*, 1 Gray, 46. The question of principal and agent does not arise here, for both Haynes and Currier must equally be regarded as principals and as trespassers. All who aided, abetted, or in any way participated in the wrong done to the plaintiff are principals, and each is liable for the wrongful acts of the other. 1 Chitty's Pleadings, 91; 5 Denio, 95; 2 Comstock, 517; *Morgan* v. *Varick*, 8 Wend., 587; 12 Wend., 39.

Upon a review of the whole case, we think there should be

*Judgment on the verdict.*