**David G. GOODWIN, Plaintiff,**

v.

**Christian MORRIS, Mayor of the City of Lima, Ohio, et al., Defendants.**

**Robert SEARFOSS et al., Plaintiffs,**

v.

**Christian MORRIS, Mayor of the City of Lima, Ohio, et al., Defendants.**

**Nos. C 70-19, 70-20.**

United States District Court, N. D. Ohio, W. D.

March 18, 1970.

Jack Gallon and Ted Iorio, Toledo, Ohio, for plaintiffs.

Lawrence S. Huffman, Pros. Atty., Allen County, Lima, Ohio, for defendants.

Before McCREE, Circuit Judge, KLOEB, Senior District Judge, and YOUNG, District Judge.

## OPINION

PER CURIAM.

These two actions, which were consolidated for trial, are brought under 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 42 U.S.C. § 1983, and also seek declaratory judgments under 28 U.S.C. §§ 2201 and 2202.

Plaintiffs allege that their rights under the First and Fourteenth Amendments to the Constitution of the United States are being violated by the defendants in their official capacities, and purporting to act under the provisions of Section 2905.34 of the Ohio Revised Code, which deals with the sale of obscene materials.

The evidence reveals that early in June, 1969, with no advance notice of any kind to the plaintiffs, various of the defendants and their subordinates, armed with search warrants, invaded the book stores operated by the plaintiffs, seized large quantities of magazines,

pamphlets, papers, and, after obtaining a second search warrant, moving picture films. The plaintiffs were also arrested under warrants charging violation of the Ohio statute mentioned.

Later the plaintiffs were indicted, each upon two counts of violation of the Ohio statute. Various proceedings were had which resulted, in October, 1969, in the plaintiffs being furnished with Bills of Particulars under the indictments, and filing demurrers to the indictments, which have not yet been ruled upon by the Court of Common Pleas of Allen County, Ohio, wherein the indictments are pending. Most of the material seized under the search warrants was returned to the plaintiffs, apparently under some sort of vague arrangements that they would not undertake to sell it pending disposition of the charges.

The evidence also showed that the plaintiffs were warned by the defendants that they would again be subject to search and to arrest if they undertook to sell any materials similar to those which were the subject of the pending action, and that various subordinates of the defendants visited the plaintiffs' shops periodically to see that they were not selling such material.

Finally, the evidence showed that as a result of the searches and the attendant publicity, plaintiffs had lost many customers who were afraid of being apprehended in the stores, and because of their inability to sell the type of materials involved, they had lost substantial profits.

The Court entertains no doubt of its jurisdiction to entertain the action, nor was this question seriously disputed. There was no substantial dispute as to any of the factual matters recited above.

The prayers of the complaints seek relief in the form of a declaratory judgment that Section 2905.34 Ohio Revised Code is void as applied to the facts in this case; that the defendants be enjoined from interfering with, hindering, or obstructing the sale of plaintiffs' publications either by seizing the publications and arresting and prosecuting the plaintiffs, or threatening to do so, or from preventing plaintiffs from exercising their rights, privileges, and immunities under the Constitution and laws of the United States; issuing a declaratory judgment that the publications involved are not constitutionally obscene or violative of Section 2905.34 Ohio Revised Code; and for all other appropriate relief.

It is clear from the undisputed evidence that no adversary hearing concerning the obscenity of the publications in question was held before the defendants took action against the plaintiffs. Since the decision of the Supreme Court of the United States in A Quantity of Copies of Books v. Kansas, 378 U.S. 205, 84 S.Ct. 1723, 12 L.Ed.2d 809 (1964), there are numerous holdings with respect to books and motion pictures that there may be no search for and seizure of allegedly obscene materials, or even any arrest and prosecution for possession or sale of such materials which have been obtained without search and seizure, until there has been a preliminary adversary hearing upon notice to the accused, with an opportunity for the accused to appear and dispute the allegations of obscenity. Metzger v. Pearcy, 393 F.2d 202 (7th Cir. 1968); Tyrone, Inc. v. Wilkinson, 410 F.2d 639 (4th Cir. 1969); Bethview Amusement Corp. v. Cahn, 416 F.2d 410 (2d Cir. 1969); Delta Book Distributors, Inc. v. Cronvich, 304 F.Supp. 662 (E.D. La. 1969). This last case, a decision by a special three judge court, is on all fours with the present case. We agree with the statement in *Delta Book Distributors, supra,* at 667:

Since prior restraint upon the exercise of First Amendment rights can be exerted through seizure (with or without a warrant) of the allegedly offensive materials, arrest (with or without a warrant) of the alleged offender or through the threat of either or both seizure and arrest, the conclusion is irresistible in logic and in law that none of these may be constitutionally

undertaken prior to an adversary judicial determination of obscenity.

We are mindful of the fact that even attempts to regulate obscenity incorporating procedures for affording the required adversary hearing would themselves constitute prior restraints. For example, it might be argued that the expense of legal representation at such hearings, the apprehension as to whether or not the allegedly obscene materials should continue to be sold pending the outcome of the hearing and soforth would serve to "chill" First Amendment rights. We can readily conceive, therefore, that much litigation would be spawned by the adoption of adversary hearing procedures. Nonetheless, it is apparent that there must be some permissible prior restraint, be it however subtle, if obscenity is not protected by the First Amendment and State attempts to regulate it are to be enforceable. It is left to those states seeking to regulate obscenity to devise constitutionally acceptable procedures for the enforcement of any such regulations. However, these procedures, among others, may have to incorporate provisions immunizing alleged violators from criminal liability for any activities occurring prior to an adversary judicial determination of the fact of obscenity.

Under the authorities cited, it is clear that the plaintiffs are entitled to relief in this action. However, it is not essential that such relief be of the nature and extent prayed for. Nor is it necessary for the Court to reach the question of whether the publications offered in evidence are constitutionally obscene,[1] or to pass upon the constitutionality of the Ohio obscenity statute.

The plaintiffs are entitled to declaratory relief that, since there was no preliminary adversary determination of the obscenity of the materials, all the seized materials be suppressed as evidence in any pending prosecutions of the plaintiffs.

This Court is aware that the effect of this declaration will probably be that the pending prosecutions against the plaintiffs will be terminated. However, under the doctrine of comity, and out of respect for the courts of the State of Ohio, this Court presently deems it unnecessary to grant any orders enjoining the defendants from proceeding in the state court. The Court will, however, retain jurisdiction herein for the issuance of such further orders as may become necessary and proper.

The plaintiffs may draft orders expressive of this Court's ruling, and submit them for approval in accordance with Rule 4(A) of the Rules of this Court.

---

[1]. In this connection we note that Judge Walinski, of the Court of Common Pleas of Lucas County, Ohio, in the case of State v. Thomas, No. 45945 (1969), held that publications similar to or identical with some of those involved in this action and the pending suits in Allen County, Ohio, were not constitutionally obscene.