Ben **JOHNSON**, Jr. and James Lewis, Appellants,

v.

**COMMONWEALTH** of Kentucky, Appellee.

Court of Appeals of Kentucky.

Dec. 17, 1971.

Rehearing Denied March 3, 1972.

---

J. Calvin Aker, Somerset, for appellants.

John B. Breckinridge, Atty. Gen., Robert V. Bullock, Asst. Atty. Gen., Frankfort, for appellee.

DAVIS, Commissioner.

On the night of September 18, 1970, the sheriff of Pulaski County viewed at an open-air theater a public exhibition of a motion picture entitled "How To Succeed With Sex." Deeming the movie to be obscene, the sheriff made a warrantless arrest of Ben Johnson, Jr., the operator and owner of the theater, and James Lewis, the projectionist. Incident to the arrests the sheriff seized the film. Subsequently, the film was shown to the county grand jury which returned an indictment charging Johnson and Lewis with violation of KRS 436.101. Upon their joint trial each was found guilty. The jury fixed Johnson's penalty at a fine of $1000 and confinement in jail for six months; the penalty meted to Lewis was a fine of $100. This appeal attacks the judgments of conviction as to each of the men accused.

The appellants present two assertions of error: (1) The arrest of appellants and seizure of the film without a warrant based upon a prior adversary hearing touching the issue of obscenity was denial of due process; (2) appellant's motion for peremptory should have been granted because of the Commonwealth's failure to prove "pandering," "invasion of privacy," or that a specific and limited state concern for juveniles was reflected in KRS 436.101.

The court is mindful of the several decisions which have held that it is constitutionally impermissible to seize allegedly obscene material, whether by search warrant or incident to arrest (warrantless or otherwise), without a prior adversary hearing relating to the question of the obscenity of the material.

Some of the decisions dealing with the question are Astro Cinema Corporation, Inc. v. Mackell, 422 F.2d 293 (2d Cir. 1970); Demich, Inc. v. Ferdon, 426 F.2d 643 (9th Cir. 1970); Cambist Films, Inc. v. Duggan, 420 F.2d 687 (3rd Cir. 1969); Metzger v. Pearcy, 393 F.2d 202 (7th Cir.1968); Tyrone, Inc. v. Wilkinson, 410 F.2d 639, cert. den., 396 U.S. 985, 90 S.Ct. 477, 478, 24 L.Ed.2d 449; United States v. Alexander, 428 F.2d 1169 (8th Cir. 1970); Goodwin v. Morris, 318 F.Supp. 1325 (ND Ohio WD 1970); and Cambist Films, Inc. v. Tribell, 293 F.Supp. 407 (ED Ky.1968). The several cases just cited and many more which could be listed are the progeny, in the main, of A Quantity of Copies of Books v. Kansas, 378 U.S. 205, 84 S.Ct. 1723, 12 L.Ed.2d 809 (1964); Marcus v. Search Warrants, 367 U.S. 717, 81 S.Ct. 1708, 6 L.Ed.2d 1127 (1961); and Lee Art Theatre v. Virginia, 392 U.S. 636, 88 S.Ct. 2103, 20 L.Ed.2d 1313.

The various U. S. Circuit Courts of Appeals have treated the question in civil proceedings in which owners of book stores or theaters have sought repossession from state officials who had seized allegedly obscene material without a prior adversary hearing relating to the obscenity, vel non, of that material. The courts have held with apparent unanimity that the civil relief so sought is constitutionally required and have ordered the state officials to return the allegedly obscene material, without respect to whether it had been seized pursuant to a search warrant or incident to an arrest, with or without a warrant. It is noteworthy, however, that in Tyrone, Inc. v. Wilkinson, supra, the Federal court conditioned its order directing redelivery of the material to the plaintiff upon the requirement that a copy of the film in controversy be left in the possession of the state officials for use in the subsequent prosecution of the claimed violation of the state obscenity statute. That same procedure was adopted in United States v. Alexander, supra. It seems to this court that the rationale of the two decisions just cited comports with the salutary policy of protecting First Amendment rights, recognizing that true obscenity is not protected by those same First Amendment rights.

In the present case there was no civil suit by the appellants seeking the restoration of the seized film, nor was there any motion in the criminal proceedings that the film be returned to the appellants. Without our determining whether a motion for restoration of the allegedly obscene material may be made as an ancillary matter in the criminal proceedings, or whether a separate civil suit is required, it seems plain that a defendant who seeks immediate possession of allegedly obscene material seized by the authorities without a prior adversary hearing must make a motion in the criminal proceedings or file a civil action asserting such entitlement. Upon hearing such a motion or civil action the court may appropriately require that the defendant provide a copy of the controversial material for use in the pending criminal prosecution. Since no such step was taken in the present case, this court is of the view that these appellants may not now complain that the state authorities retained possession of the film, since they never sought a judicial order for the return of that material.

The second asserted ground of error seems to the court to be a misinterpretation of certain language appearing in Redrup v. New York, 386 U.S. 767, 87 S.Ct. 1414, 18 L.Ed.2d 515 (1967). In Redrup a brief per curiam opinion was rendered by which the Supreme Court reversed three

state obscenity convictions including Austin v. Commonwealth, Ky., 386 S.W.2d 270. In the opinion the court recited that one of the three convictions on appeal presented a claim that the statute in question reflected a specific and limited state concern for juveniles; that there was no suggestion of an assault upon individual privacy by publication in a manner so obtrusive as to make it impossible for an unwilling individual to avoid exposure to it; and no evidence of the sort of "pandering" which the Court found significant in Ginzburg v. United States, 383 U.S. 463, 86 S.Ct. 942, 16 L.Ed.2d 31. This court does not interpret that excerpt from Redrup as a pronouncement that all or any of the three matters discussed must be shown before an obscenity conviction may be sustained. The Austin case was prosecuted under former KRS 436.100 which was repealed in 1966. KRS 436.101, under which the present prosecution was had, was enacted in 1966. Its constitutionality has been upheld by a three-judge U. S. District Court in Cambist Films, Inc. v. Tribell, 293 F. Supp. 407 (1968), and by this court in Cain v. Commonwealth, Ky., 437 S.W.2d 769 (1969). Although Cain was reversed by the Supreme Court, Cain v. Kentucky, 397 U.S. 319, 90 S.Ct. 1110, 25 L.Ed.2d 334, it is the view of this court that the reversal was predicated solely upon the determination by the Supreme Court that the questioned material was not obscene. See Smith v. Commonwealth, Ky., 465 S.W. 2d 918. In view of the foregoing the court is of the view that there is no merit in the second asserted ground of error.

There is no specific contention on this appeal that the material in question is not obscene, and this court has not considered that question since it is not raised by the appellants.

The judgment is affirmed.

All concur.