Robert **BOYD**, Plaintiff,

v.

Lawrence S. **HUFFMAN** et al., Defendants.

Civ. No. C 70–296.

United States District Court,
N. D. Ohio, W. D.

Feb. 23, 1972.

Feb. 23, 1972, as Modified by Opinion Filed on April 28, 1972, Upon Defendants' Motion for Reconsideration.

Ted Iorio, Toledo, Ohio, for plaintiff.

Lawrence S. Huffman, Pros. Atty., Allen County, Lima, Ohio, for defendants.

## MEMORANDUM

DON J. YOUNG, District Judge:

This cause came to be heard upon motion of the defendants for summary judgment. This is an action under 42 U.S.C. § 1983 against Lawrence S. Huffman, Prosecuting Attorney of Allen County, Ohio; James King, a Municipal Court Prosecutor; William H. Dailey and William Blew, Deputy Sheriffs of Allen County, Ohio. Plaintiff was the manager of a drive-in theatre located in Allen County. The gravamen of the complaint is that as a consequence of defendants' seizure of a film which was being shown by plaintiff, without a prior adversary hearing on the question of its obscenity, plaintiff was deprived of his civil rights. The motion of the defendants for summary judgment assigns two propositions of law which they feel should warrant the granting of this motion.

Defendants' first proposition is that they are entitled to a judgment in their favor as a matter of law, because in order to recover damages in an action under § 1983, it is necessary to prove that the activities of the defendants were done in "bad faith," without hope of ultimate success and for an improper purpose. Defendants cite as authority for this proposition Perez v. Ledesma, 401 U.S. 82, 91 S.Ct. 674, 27 L.Ed.2d 701 (1970). In that case, Mr. Justice Black, speaking for the Court stated:

Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal *injunctive relief* against pending state prosecutions appropriate. (Emphasis added.) Perez v. Ledesma, *supra* at 85, 91 S.Ct. at 677.

No more need be said in this case to demonstrate that the holding of *Perez* does not apply than to reiterate that this action is for money damages and not for injunctive relief. It is obvious that the rationale of the Court's holding in *Perez* is based on the principle of comity between the federal and state governments. This is demonstrated by Mr. Justice Black's statement:

It is difficult to imagine a more disruptive interference with the operation of the state criminal process short of an injunction against all state proceedings. Perez v. Ledesma, *supra* at 84, 91 S.Ct. at 676.

Clearly then, *Perez* cannot stand for the principle that "bad faith" is a necessary element of an action under § 1983 for damages. Indeed, the opposite conclusion has been reached in most of the circuits.[1] In Jenkins v. Averett, 424 F.2d 1228, 1232 (4th Cir. 1970), the Court stated:

[A]fter a constitutional violation has been made out, a showing of intent to injure is not a further prerequisite to recovery under section 1983. There is no longer room to doubt that one need not prove bad motive or evil intent to avail himself of the section 1983 remedy.

Defendants Dailey and Blew contend that because this Court's memorandum, filed February 23, 1972, was based on an erroneous fact—that the two defendants herein were defendants in Searfoss v. Morris, 318 F.Supp. 1325 (N.D.Ohio, filed March 20, 1970), and committed the alleged unlawful acts of September 17, 1969, which was six months subsequent to the *Searfoss* decision, when in fact the

---

1. Jenkins v. Averett, 424 F.2d 1228 (4th Cir. 1970); Whirl v. Klein, 407 F.2d 781 (5th Cir. 1969); Joseph v. Rowlen, 402 F.2d 367 (7th Cir. 1968); Anderson v. Haas, 341 F.2d 497 (3rd Cir. 1965); Stringer v. Dilger, 313 F.2d 536 (10th Cir. 1963).

acts were actually committed six months prior to *Searfoss*—which this Court utilized in concluding that the two named defendants were not acting in good faith, this Court's prior decision should be vacated, and summary judgment rendered in favor of the defendants. Plaintiff concedes that the actual facts are as related by the defendants in their memorandum in support of their motion for reconsideration.

It is the conclusion of this Court that the motion of defendants for reconsideration will not be granted on that basis alone. The memorandum of the Court filed on February 23, 1972 was based on two reasons. The first has already been examined. The second is that good faith is not a defense to the violation of Title 42, Section 1983 of the Civil Rights Act.

■ After reflecting upon the second conclusion reached by this Court in its prior memorandum, this Court is persuaded by the recent well-reasoned opinion of the Second Circuit Court of Appeals in Bivens v. Six Unknown Named Agents, 456 F.2d 1339 (2d Cir. March 22, 1972), and has decided to grant the defendants' motion for reconsideration. On the basis of the *Bivens* decision, a law enforcement officer who in good faith and with a reasonable belief in the validity of the search and in the necessity for carrying out the search in the way it was carried out has a defense to the violation of the plaintiff's civil rights. *See also* C. Antieau, Federal Civil Rights Acts §§ 88, 89 (1971).

■ The defendants Dailey and Blew were police officers, executing a search warrant which was valid upon its face. As a practical matter of the operation of government, executive officers cannot decide for themselves whether or not to execute process which has been issued to them by a court, and which appears to be regular and valid upon its face. Taylor v. Alexander, 6 Ohio 144 (1833). And *see also* 47 Am.Jur. Searches and Seizures § 64 (1971). Had the facts been as this Court originally supposed them to be, there would necessarily exist an exception to this salutary rule, for these defendants would then have been definitely aware of the invalidity of the process issued to them, in spite of its apparent regularity upon its face. In that event, there would have been an issue of fact as to these defendants' knowledge and involvement in the issuance of the invalid warrant. However, as the matter now stands, we have a simple case of police officers executing an apparently regular and valid search warrant. This situation is not comparable to a warrantless search. Such a search always presents factual questions of good faith and reasonableness. If a warrant is issued, the officer whose duty requires him to execute it must be protected, and be held to have acted reasonably and in good faith, absent any allegations of a conspiracy to procure the issuance of the warrant improperly. There are no allegations of any such conspiracy here. Hence, the former order of the Court should be vacated, and upon reconsideration, the motion of the defendants Dailey and Blew should be granted.

■ Defendant's second proposition is that defendants are immune from suit by reason of their official positions and the quasi-judicial nature of their acts. This proposition, of course, only relates to Huffman and King, who were acting as prosecuting attorneys. It has long been recognized in this Circuit that a prosecuting attorney is a quasi-judicial officer and enjoys the same immunity from a civil action as that which protects a judge acting within his jurisdiction. Kenney v. Fox, 232 F.2d 288 (6th Cir.), cert. denied sub. nom. Kenney v. Killian, 352 U.S. 855, 77 S.Ct. 84, 1 L. Ed.2d 66 (1956). Plaintiff has argued that in this case the prosecuting attorneys were acting as policemen and not as judicial officers. In Robichaud v. Ronan, 351 F.2d 533 (9th Cir. 1965), it was held that if a prosecuting attorney acts as a policeman he should be held liable as a policeman would be. In that case, however, there was the egregious conduct of a district attorney conducting a police-type interrogation of a defend-

ant attempting to obtain a confession, without apprising the defendant of her right to counsel and attempting by trick and deceit to take advantage of her youth and inexperience. This is not the situation with which we are now confronted. Here the prosecuting attorneys went with two deputy sheriffs and seized the film pursuant to a warrant issued by a judge. They were not themselves acting as policemen. They were present as the duly constituted legal advisors to police officers who were threading their way into a legal morass.

This Court has had occasion previously to allude to the ancient traditional right of the prosecuting attorney to decide whether or not to prosecute. The courts for many centuries have steadfastly refused to explore this area under the pretext of determining whether a person complaining of the prosecutor's decision was deprived of due process of law. Public officials vested with discretion in the exercise of their duties ought never to be inhibited by the fear that their decisions may be reviewed in an action for damages. Government could not function if no official, be he judge or prosecutor, could make decisions without the risk of being mulcted in damages.

From restricting the judgment of prosecuting attorneys by the device of permitting damage suits against them for their decisions, it is only a short step further to applying the same rule to judges. The newspapers indicate that some United States district judges have already taken this step against state court judges. This Court will not take the most remote beginning step toward forging a weapon by which it may ultimately be destroyed. Judicial discretion is, and must remain, inviolate.

Therefore defendants' motion for summary judgment on the point of the defendant prosecutors' immunity will be granted and the claim as it relates to the defendants Huffman and King will be dismissed.

An order will be entered in accordance with this memorandum.