**Ben JOHNSON, Jr., and James Lewis, Appellants,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 26, 1973.

J. Calvin Aker, Somerset, for appellants.

John B. Breckinridge, Atty. Gen., Robert V. Bullock, Asst. Atty. Gen., Frankfort, for appellee.

CATINNA, Commissioner.

Ben Johnson, Jr., and James Lewis were convicted by a jury in the Pulaski Circuit Court of exhibiting an obscene movie in violation of KRS 436.101. Upon appeal to this court, the judgment of the lower court was affirmed. Johnson v. Commonwealth, Ky., 475 S.W.2d 893 (1971).

The petition for writ of certiorari to the Supreme Court of the United States was granted, 413 U.S. 912, 93 S.Ct. 3042, 37 L. Ed.2d 1027, the judgment of the Court of Appeals of Kentucky vacated, and the cause remanded for further consideration in light of a number of obscenity cases, including Heller v. New York, 413 U.S. 483, 93 S.Ct. 2789, 37 L.Ed.2d 745 (1973); and Roaden v. Kentucky, 413 U.S. 496, 93 S.Ct. 2796, 37 L.Ed.2d 757 (1973).

The sheriff of Pulaski County, after viewing the motion picture at the Lakeview Drive-In Theater entitled "How to Succeed With Sex," concluded that it was obscene and that its exhibition was in violation of KRS 436.101. He immediately made a warrantless arrest of Ben Johnson, Jr., owner and operator of the theater, and

James Lewis, the projectionist, and seized the film.

Johnson and Lewis were indicted and prior to trial moved that the court suppress the evidence and dismiss the indictment because the evidence was improper and unlawfully seized, and without such evidence the indictment would not have been returnable.

We have reviewed this case in light of Heller v. New York, supra, and Roaden v. Kentucky, supra, and find that we now have no alternative other than to reverse the judgment of the lower court.

The motion to suppress should have been sustained, and as there was no other evidence, the indictment should have been dismissed.

All concur.