OPINION
Plaintiff, Nancy A. Miller, appeals from a summary judgment for Defendant, Luwanna L. Delaney, Greene County Auditor, on Miller's claim for damages and injunctive relief.
Every person who owns or keeps a dog is required by R.C. 955.01(A)(1) to register the dog each year with the county auditor of the county in which the animal is kept. R.C. 955.04 imposes a like requirement on each owner of a kennel of dogs. R.C. 955.05 authorizes penalties for an owner's failure to register. R.C. 955.07 provides, inter alia: "A permanent register of all certificates of registration issued, together with the applications therefor, shall be kept by such auditor in a dog and kennel register, which shall be open to the inspection of any person during reasonable business hours."
R.C. 149.351(A) provides for disposal of records held by a public office and required by law to be kept. It states, inter alia, that such records "shall not be removed, destroyed, mutilated, transferred, or otherwise damaged or disposed of, in whole or in part, except as provided by law or under the rules adopted by the records commissions provided for under sections 149.38 to 149.42 of the Revised Code . . ." Division (B) of R.C. 149.351 authorizes persons aggrieved by a violation of division (A) to commence an action in the court of common pleas (1) for injunctive relief and attorney's fees and/or (2) a civil "forfeiture in the amount of one thousand dollars for each violation" plus reasonable attorneys fees.
Miller commenced this action against Delaney in the court of common pleas, alleging that Delaney had destroyed dog registration and application records she is required by R.C. 995.07 to keep. Miller asked for statutory damages, reasonable attorneys fees, and that Delaney be enjoined from committing further violations. Miller sought that relief pursuant to R.C. 149.351(B).
Delaney filed a responsive pleading containing twenty-three separate defenses. One of those states that Delaney acted in compliance with R.C.149.351 with respect to her alleged conduct.
The parties stipulated that the Greene County Records Commission was established pursuant to R.C. 149.38 and that the Commission adopted rules pursuant to R.C. 149.38 to R.C. 149.42. They further stipulated that the dog license and kennel license records for the years 1976 through 1997 which Delaney is required by law to keep were destroyed by her in compliance with rules adopted by the Greene County Records Commission. They also stipulated that records for the years 1998 through 2000 have not been destroyed., Defendant Delaney moved for summary judgment on several grounds. She argued, inter alia, that the records destroyed were excepted from the coverage of R.C. 149.35(A) because their destruction was pursuant to rules adopted by a records commission. Plaintiff Miller did not dispute Delaney's claim. Rather, Miller argued that the R.C.149.351(A) exception has no application to the mandatory requirements of R.C. 955.07, which states that such records "shall be kept." Miller also argued that the Greene County Records Commission's rules ought not apply because Delaney is a member of the Commission. Miller likewise moved for summary judgment on those grounds.
The trial court denied Plaintiff Miller's motion for summary judgment and granted the motion for summary judgment filed by Defendant Delaney. Miller filed a timely notice of appeal. She presents a single assignment of error, which states:
 THE TRIAL COURT ERRED IN DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON THE ISSUE OF WHETHER DEFENDANT WAS ALLOWED TO DESTROY RECORDS PURSUANT TO THE ERRONEOUS PERMISSION OF THE GREENE COUNTY RECORDS COMMISSION WHICH PERMISSION WAS DIRECTLY CONTRARY TO AN AFFIRMATIVE STATUTE REQUIRING HER TO PERMANENTLY MAINTAIN SUCH RECORDS.
A public officer acting within the scope of his or her authority is not liable individually, in the absence of bad faith or a corrupt motive, for failure to perform a duty involving judgment and discretion in a proper manner. Boyd v. Huffman (1972), 342 F. Supp. 787. Public officers performing discretionary functions are shielded from liability for civil damages if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have been aware; qualified immunity is thus afforded to government officials who meet this objective test. The failure of a public official to initiate a particular course of conduct, the pursuit of which is not required by the clearly defined limits of his authority, does not constitute an abuse of discretion. Neiswender v. Edinger (1978), 59 Ohio App.2d 25 ., Plaintiff Miller commenced this action against Defendant Delaney in her capacity as a public officer. Miller alleged that Delaney breached the duty imposed on her by R.C. 955.07 to keep a permanent register of dog registration certificates when Delaney destroyed the records concerned. That section affords auditors a measure of discretion with respect to how the registration records are kept. However, Miller does not allege that Delaney acted in bad faith or with a corrupt motive when she destroyed the records. Neither has Miller offered any evidence Delaney acted with such conditions of mind. Therefore, absent some other provision that imposes liability on Delaney for destroying the records, she is not liable to Miller on her claim for relief.
The prayer for relief in Miller's complaint seeks statutory damages for a violation of R.C. 149.351. Paragraph (A) of that section prohibits destruction of public records unless the destruction is authorized by rules adopted by a county records commission. The parties have stipulated that the records destruction alleged was so authorized. Therefore, Miller is not entitled to maintain the action for damages for which paragraph (B) of R.C. 149.351 provides for a violation of paragraph (A).
Miller's further claim that the rules of the Greene County public records commission authorizing Delaney's destruction of the records is "erroneous" likewise lacks merit. If the rules were legally defective, Miller's remedy was to commence an R.C. Chapter 2506 appeal to the court of common pleas when the rule was promulgated, not to collaterally attack its promulgation in an action brought pursuant to R.C. 149.351(B). Further, the particular defect that Miller claims is baseless: she claims the rules ought not be given effect in this instance because Delaney is a member of the records commission. The county auditor is a member per R.C. 149.38(A). Therefore, no basis in law exists to support Miller's claim.
The trial court was required by Civ.R. 56(C) to grant Delaney's motion for summary judgment because the record demonstrates that no genuine issue of material fact exists and that Delaney is entitled to judgment on Miller's claims for relief as a matter of law. The assignment of error is, therefore, overruled. The judgment of the trial court will be affirmed.
FAIN, J., and POWELL, J., concur.
Hon. Stephen W. Powell, Court of Appeals, Twelfth Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.